[Cite as *State v. Cowan*, 2013-Ohio-1172.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97877**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CRAIG A. COWAN

DEFENDANT-APPELLANT

## JUDGMENT:
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-550536
Application for Reopening
Motion No. 462840

**BEFORE:** Jones, P.J., E.A. Gallagher, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 22, 2013

**FOR APPELLANT**

Craig A. Cowan
Inmate No. 622-034
Trumbull Correctional Institution
5701 Burnett Road
Leavittsburg, Ohio 44430

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Brad S. Meyer
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} On February 28, 2013, the applicant, Craig Cowan, pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Cowan*, 8th Dist. No. 97877, 2012-Ohio-5723, in which this court affirmed Cowan's convictions for felonious assault, discharging a firearm near or on a prohibited premises, having a weapon under disability, and improperly handling a firearm in a motor vehicle, but vacated his sentence in part and remanded the case for resentencing pursuant to R.C. 2929.14. Cowan now seeks to reopen his appeal on the grounds of ineffective assistance of appellate counsel. He asserts that his appellate counsel should have argued that the trial court erred in not ruling on Cowan's motion for self-representation at trial. For the following reasons, this court denies the application sua sponte.

{¶2} Res judicata properly bars this application. *See generally State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated. In *Murnahan*, *supra,* the Supreme Court ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of

the doctrine unjust.

{¶3} In the present case, Cowan obtained leave to file his own pro se brief in addition to the brief of his appellate counsel. However, this court limited the pro se brief to ten pages. Cowan's 21-page pro se brief argued (1) that the trial court erred when it did not grant a pretrial hearing for his motion for self-representation, (2) the trial court erred in allowing evidence of Cowan's prior conviction to be presented to the jury, and (3) the verdict was not supported by sufficient evidence.

{¶4} This court declined to address the pro se brief, because Cowan had disregarded this court's order limiting the size of the brief. The courts have repeatedly ruled that res judicata bars an application to reopen when the appellant has filed a pro se brief. *State v. Tyler*, 71 Ohio St.3d 398, 1994-Ohio-8, 643 N.E.2d 1150; *State v. Boone*, 114 Ohio App.3d 275, 683 N.E.2d 67 (7th Dist. 1996); and *State v. Williams,* 8th Dist. No. 69936, 1996 Ohio App. LEXIS 4796, (Oct. 31, 1996), *reopening disallowed*, Motion No. 280441 (Apr. 24, 1997). This court would have addressed Cowan's arguments, but he violated the court's order. It is his own fault that his arguments were not considered. As the United States Supreme Court noted in *Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), fn. 46, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" Under such circumstances, the application of res judicata is appropriate.

**{¶5}** Accordingly, the application for reopening is denied.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
EILEEN T. GALLAGHER, J., CONCUR