[Cite as *State v. Cowan*, 2013-Ohio-4475.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99566

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CRAIG COWAN

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-550536

**BEFORE:**   Blackmon, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   October 10, 2013

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio 44114

Craig A. Cowan, Pro Se
Inmate No. 622-034
Trumbull Correctional Institution
5701 Burnett Road
Leavittsburg, Ohio 44430

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Joseph Ricotta
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Craig Cowan ("Cowan") appeals from the trial court's resentencing and assigns, through counsel, the following error for our review:

> I. The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

{¶2} In addition, Cowan assigns the following pro se errors for our review:

> II. The trial court error [sic] by sentencing appellent [sic] to the charge of R.C. 2923.162(A)(3) with penalty enhancer [sic], forfeiture specification, making the offense a felony of the 1st (first degree), also 2929.16(B) F4 with enhancer [sic]. Appellant was inappropriately sentenced to a charge that is contrary to law.

> III. The trial court erred by not instructing the jury on all issues raised by the evidence. R.C. 2945.75 jury instructions should be tailored to fit the facts of the case. The trial court erred by not considering (provocations) of the victim and enhancing appellant's sentence to consecutive when a consecutive sentence is disproportionate to the seriousness of the offender's conduct.

{¶3} Having reviewed the record and pertinent law, we reverse and remand for a new sentencing hearing. The apposite facts follow.

{¶4} On May 31, 2011, the Cuyahoga County Grand Jury indicted Cowan on three counts each of felonious assault and kidnapping with firearm specifications, notice of prior conviction, and repeat violent offender specifications attached. The grand jury also indicted Cowan on one count each of having a weapon while under disability, improperly handling a firearm in a motor vehicle, and discharging a firearm on or near prohibited premises.

**{¶5}** After a number of pretrials had been conducted, Cowan agreed to bifurcate the matters and have a bench trial on the notice of prior conviction, repeat violent offender specifications, forfeitures, the charge for improperly handling a firearm in a motor vehicle, and having a weapon while under disability. On January 9, 2012, a jury trial commenced on the remaining charges.

**{¶6}** Prior to the jury's deliberation, the state dismissed one count of felonious assault and two counts of kidnapping. Thereafter, the jury found Cowan guilty of one count of felonious assault along with the one-and three-year firearm specifications, notice of prior convictions, repeat violent offender and forfeiture specifications. The jury also found Cowan guilty of one count of discharging a firearm near or on a prohibited premises, along with the firearm specification.

**{¶7}** At a separate hearing, the trial court found Cowan guilty of having a weapon while under disability and improperly handling firearms in a motor vehicle, along with the forfeiture specification. The trial court imposed consecutive sentences totaling 18 years in prison.

**{¶8}** Cowan timely appealed his conviction and sentence. In *State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723, we affirmed Cowan's convictions, affirmed in part and reversed in part his sentence, and remanded for resentencing.

**{¶9}** On February 6, 2013, the trial court resentenced Cowan and imposed the same 18-year consecutive sentence.

## Consecutive Sentences

**{¶10}** In the first assigned error, Cowan argues the trial court erred by imposing consecutive sentences without making the appropriate findings.

**{¶11}** We review consecutive sentences using the standard of review set forth in R.C. 2953.08. *State v. Wells*, 8th Dist. Cuyahoga Nos. 99305, 99306, and 99307, 2013-Ohio-3809, citing *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 10 (holding that the standard of review set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, is no longer valid in light of the enactment of H.B. 86 and the "revival" of statutory findings necessary for imposing consecutive sentences).

**{¶12}** R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the sentence is "otherwise contrary to law"; or (2) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4). *Id.*, citing Venes at ¶ 11; R.C. 2953.08(G)(2).

**{¶13}** The presumption in Ohio is that sentencing is to run concurrent, unless the trial court makes the required findings for consecutive sentences set forth in R.C. 2929.14(C)(4). *State v. Wells*, 8th Dist. Cuyahoga No. 98428, 2013-Ohio-1179, ¶ 11; R.C. 2929.41(A).

**{¶14}** Under current R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find the sentence is "necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that consecutive sentences

are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find that one of the following factors applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(c).

**{¶15}** Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, at ¶ 17, citing *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252. The failure to make these findings is "contrary to law." *Id*. at ¶ 12.

**{¶16}** In the instant case, a review of the record reveals that the trial court did not strictly comply with the requirements of R.C. 2929.14(C)(4) prior to the re-imposition of consecutive sentences. The state concedes that the trial court did not satisfy the requirements of R.C. 2929.14(C)(4) and illuminated in *Venes*.

**{¶17}** At the hearing, the trial court discussed Cowan's criminal conduct, highlighting that it was a "nightmare" to the victims. The only finding the trial court made was that a consecutive sentence was necessary to protect the public. The trial court failed to find that consecutive sentences were not disproportionate to the seriousness of Cowan's conduct and to the danger he poses to the public as required by R.C. 2929.14(C)(4). The trial court also failed to find that at least one of the factors in R.C. 2929.14(C)(4), subsection (a),(b), or (c) applied.

**{¶18}** Accordingly, we sustain the first assigned error, and are constrained, once again, to reverse Cowan's sentence and remand for a de novo resentencing hearing.

## Res Judicata

**{¶19}** We now turn to Cowan's two pro se assigned errors, which we find are barred by the doctrine of res judicata.

**{¶20}** It is well settled that under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Kelly*, 8th Dist. Cuyahoga No. 97673, 2012-Ohio-2930, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

**{¶21}** In the first pro se assigned error, Cowan takes issue with the sentence the trial court imposed. However, Cowan directly appealed his sentence and the instant

matter flows from our remand for resentencing. Consequently, this assigned error is barred by res judicata.

**{¶22}** In the second pro se assigned error, Cowan takes issue with the trial court's jury instruction. However, Cowan had the opportunity to raise a jury instruction argument on direct appeal, but failed to do so. Consequently, this assigned error is also barred by res judicata. Accordingly, we overrule both pro se assigned errors.

**{¶23}** Judgment is reversed and remanded for resentencing.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR