[Cite as *State v. Cowan*, 2014-Ohio-3593.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100741**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CRAIG A. COWAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-11-550536-A

**BEFORE:**   Jones, P.J., Keough, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   August 21, 2014

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
The Leader Bldg., Suite 940
526 Superior Avenue
Cleveland, Ohio 44114

Craig A. Cowan, pro se
Inmate No. 622-034
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Joseph J. Ricotta
          Brett Hammond
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Craig Cowan appeals from the trial court's November 22, 2013 sentencing judgment entry. We affirm in part and reverse in part.

## I.    Statement of Case

{¶2} In May 2011, Cowan was charged in a nine-count indictment; the charges were also accompanied with various specifications. The charges resulted from Cowan, after getting into a verbal altercation with some friends, holding a gun to the head of one of the victims, and shooting at three other victims.[1]

{¶3} The case proceeded to trial, with counts and specifications bifurcated between a jury and the court. Three counts were dismissed by the state. Cowan was found guilty of one count each of felonious assault, discharging a firearm on or near a prohibited premises, having a weapon while under disability, improperly handling firearms in a motor vehicle, and various specifications. He was acquitted on one charge of felonious assault and kidnapping. The trial court sentenced Cowan to an 18-year-prison term that included consecutive sentences.

{¶4} Cowan appealed, and this court upheld the convictions, "affirmed in part and vacated in part" the sentence, and "remanded [the case] for the trial court to consider whether consecutive sentences are appropriate under H.B. 86, and if so, to enter the proper findings on the record." *Cowan I* at ¶ 46.

{¶5} In February 2013, the trial court held a resentencing hearing. It imposed the

---

[1]For a detailed recitation of the facts, *see State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723, ¶ 4-12 ("*Cowan I*").

same 18-year sentence, including the consecutive portion. Cowan again appealed, and this court again reversed, for a "new sentencing hearing" because the trial court failed to "strictly comply with the requirements of R.C. 2929.14(C)(4) prior to the re-imposition of consecutive sentences." *State v. Cowan*, 8th Dist. Cuyahoga No. 99566, 2013-Ohio-4475, ¶ 3, 16 ("*Cowan II*"). This court remanded for a "de novo resentencing hearing." *Id.* at ¶ 18.

{¶6} Another sentencing hearing was held in November 2013, and the trial court reimposed the same consecutive sentence. Cowan now appeals. His counsel raises the following two assignments of error:

> [I.] The Court of Appeals violated Appellant's constitutional rights under the Ohio and U.S. Constitutions when it ordered the trial court to undertake further analysis and make further findings at a resentencing hearing.

> [II.] Appellant is entitled to a new sentencing hearing as the trial court failed to properly impose a period of postrelease control at the resentencing hearing.

{¶7} Cowan, pro se, raises the following three assignments of error:

> [III.] Appellant is entitled to have the charge of R.C. 2923.162(A)(3) reduced to the least degree. The statute of R.C. 2923.162(A)(3) was inappropriately charged as a first-degree felony. This case has no aggravating elements or physical harm to establish the degree of a first-degree offense by statute.

> [IV.] Appellant was violated of his due process of the law according to his [F]ifth [A]mendment Double Jeopardy Clause.

> [V.] Appellant was violated of his Eighth Amendment to the Constitution, under the cruel and unusual punishment, the penalty imposed is disproportionate to the offense.

II.   Law and Analysis

**{¶8}** In his first assignment of error, Cowan contends that his constitutional rights were violated by this court ordering the trial court to determine if consecutive sentences were appropriate and, if so, to make the required findings on the record.

**{¶9}** This court recently addressed this same contention in *State v. Matthews*, 8th Dist. Cuyahoga No. 100476, 2014-Ohio-3137, and found it not well taken. Specifically, this court held as follows:

> This assignment of error is not properly before this court. * * * If [the defendant] had wanted to challenge our [prior] decision * * *, her recourse was to seek reconsideration in this court pursuant to App.R. 26(A) or leave for our decision to be considered by the Ohio Supreme Court. *State v. Devaughns*, 2d Dist. Montgomery No. 24631, 2012-Ohio-5791, ¶ 9. She chose neither of these options.

*Matthews* at ¶ 7.

**{¶10}** Here, Cowan did seek reconsideration of this court's decision in *Cowan I*, and did attempt to appeal to the Ohio Supreme Court. Cowan also sought to reopen *Cowan I*. The motions and appeal were denied.[2] Nonetheless, Cowan's contention is still not properly before us.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of

---

[2] *See Cowan I*, motion no. 461014; *reopening denied*, *State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2013-Ohio-1172, motion no. 462840; *discretionary appeal not allowed*, *State v. Cowan*, 135 Ohio St.3d 1413, 2013-Ohio-1622, 986 N.E.2d 30.

conviction, or on an appeal from that judgment.

*State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 10. The doctrine "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

**{¶11}** Cowan has had a full and fair opportunity to be heard on the issue of the imposition of consecutive sentences in this case. He is now barred from attempting to raise it again.

**{¶12}** In light of the above, the first assignment of error is overruled.

**{¶13}** For his second assigned error, Cowan contends that the trial court failed to properly impose postrelease control at the November 2013 sentencing hearing. We agree.

> The failure to properly notify a defendant of postrelease control and to incorporate that notice into the court's sentencing entry renders the sentence void. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. This notification also includes informing a defendant of the consequences of violating postrelease control. *See id.*; R.C. 2929.19(B)(2)(e).

*State v. Pyne*, 8th Dist. Cuyahoga No. 100580, 2014-Ohio-3037, ¶ 7.

**{¶14}** In *Cowan II*, this court specifically remanded for a "de novo resentencing hearing." *Id.* at ¶ 18. "[A] hearing de novo technically means hearing again, or hearing anew. In its purest form a de novo hearing entails a hearing where no record has been certified to the reviewing body." *Cincinnati Gas & Elec. Co. v. Whitman*, 10th

Dist. Franklin No. 74AP-151, 1974 Ohio App. LEXIS 3290, *26 (Nov. 19, 1974). Because the remand order from this court was for a de novo sentencing hearing, the trial court had to conduct a new sentencing hearing and comply with all sentencing requirements. The court made no mention of postrelease control at the November 2013 resentencing hearing or in the sentencing judgment entry memorializing same. As such, we are constrained to once again reverse this case for the sole purpose of advising Cowan of his postrelease control requirements.

{¶15} The second assignment of error is therefore sustained.

{¶16} The contentions in the remaining assignments of error, which were filed by Cowan, pro se, are all barred under the doctrine of res judicata. The issues Cowan now attempts to raise were all issues that could have been raised in his first direct appeal. He is, therefore, now barred from raising them.

{¶17} In light of the above, the third, fourth, and fifth assignments of error are overruled.

{¶18} Judgment affirmed in part and reversed in part. Case remanded for resentencing for the sole purpose of advising Cowan of postrelease control requirements and memorializing same in a judgment entry.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING   JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR