[Cite as *State v. Cowan*, 2016-Ohio-8045.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103855**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CRAIG COWAN

DEFENDANT-APPELLANT

## JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-550536-A

**BEFORE:** Kilbane, P.J., Stewart, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 8, 2016

**ATTORNEY FOR APPELLANT**

John T. Castele
Rockefeller Building, Suite 1310
614 W. Superior Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Brett Hammond
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Craig Cowan ("Cowan"), appeals from the trial court's November 15, 2015 imposition of postrelease control. For the reasons set forth below, we reverse and remand for proper postrelease control notification and correction of the sentencing journal entry.

{¶2} This is the sixth appeal from Cowan's 2012 convictions for felonious assault, having a weapon while under disability, improperly handling firearms in a motor vehicle, discharging a firearm on or near a prohibited premises, and various specifications. Cowan was sentenced to eight years, plus three for a firearm specification on the felonious assault conviction, three years for having a weapon while under disability, one year for improperly handling a firearm in a motor vehicle, and three years for discharging a firearm on or near a prohibited premises. The terms were ordered to be served consecutively, for a total of 18 years.

{¶3} The sentencing entry issued on January 23, 2012, indicated that Cowan was convicted of felonious assault in violation of R.C. 2903.11(A)(2), an "F1,"[1] having a weapon while under disability, improperly handling firearms in a motor vehicle, discharging a firearm on or near a prohibited premises, and various specifications. On appeal, this court affirmed the conviction but reversed and remanded for the trial court to consider whether consecutive sentences are appropriate under H.B. 86, and if so, to enter

---

[1] A conviction for felonious assault under R.C. 2903.11(A)(2) is actually a felony of the second degree. R.C. 2903.11(D)(1).

the proper findings on the record. *See State v. Cowan,* 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723, ¶ 4-12 ("*Cowan I*").

{¶4} On February 8, 2013, the trial court held a resentencing hearing and imposed the same 18-year sentence. Cowan again appealed, and this court again reversed for a "new sentencing hearing" in order for the trial court to "strictly comply with the requirements of R.C. 2929.14(C)(4) prior to the re-imposition of consecutive sentences." *See State v. Cowan*, 8th Dist. Cuyahoga No. 99566, 2013-Ohio-4475, ¶ 3, 16 ("*Cowan II*").

{¶5} Another resentencing hearing was held on November 22, 2013, and the trial court reimposed the same consecutive sentence totaling 18 years. The journal entry issued on this date again indicated that Cowan was convicted of felonious assault in violation of R.C. 2903.11(A)(2), an "F1," having a weapon while under disability, improperly handling firearms in a motor vehicle, discharging a firearm on or near a prohibited premises, and various specifications. Cowan again appealed and asserted: (1) the trial court erroneously imposed postrelease control and consecutive sentences; (2) he had been subjected to double jeopardy; and (3) the sentence was disproportionate to his offenses. This court concluded that the trial court failed to properly reimpose postrelease control, and that the remaining assignments of error were barred by res judicata. *State v. Cowan*, 8th Dist. Cuyahoga No. 100741, 2014-Ohio-3593, ¶ 18 ("*Cowan III*"). This court remanded for "the sole purpose of advising Cowan of

postrelease control requirements and memorializing same in a judgment entry."   *Cowan III* at ¶ 18.

{¶6}   Another hearing occurred on September 16, 2014.   At this time, the trial court stated:

> THE COURT:   And at this time[,] I want to remind you that beyond that sentence you're also subject to what we call post-release control.   So upon your release from prison, you will be subject to what is called post-release control, which is like parole, for a period of up to five years, reducible at the discretion of the Parole Board.   And if you violate that post-release control, they can take you back for an *additional nine months without a trial*.   That's all.   You have a right to appeal if you want. (Tr. 4-5.) (Emphasis added.)

{¶7}   The sentence was then journalized to again indicate that Cowan had been convicted of felonious assault in violation of R.C. 2903.11(A)(2), an "F1," having a weapon while under disability, improperly handling firearms in a motor vehicle, discharging a firearm on or near a prohibited premises, and various specifications. Cowan appealed from the September 16, 2014 hearing and order.[2]   Cowan challenged the trial court's "findings" and the imposition of postrelease control.   This court concluded that

> the only issue before us following our remand in *Cowan III,* is the imposition of postrelease control.   *Cowan III* at   ¶ 18.   * * *

---

[2]During the pendency of that appeal, on April 7, 2015, the trial court held an additional hearing in which it again advised Cowan of postrelease control and informed him that he was subject to a mandatory five-year term of postrelease control and that the Parole Authority could modify or extend the supervision, make it more restrictive, or incarcerate him for up to one-half of the original sentence imposed by the trial court.   On April 24, 2015, Cowan filed an appeal from this order, but the appeal was dismissed for failure to file the record.   *State v. Cowan*, 8th Dist. Cuyahoga No. 102938 (June 17, 2015) ("*Cowan IV*").

The state of Ohio concedes that the trial court should have said that Cowan "could have received an additional nine years" rather than "an additional nine months." * * * The matter must be remanded for the sole purpose of advising Cowan of the proper postrelease control requirements and memorializing those requirements into a judgment entry. The sentence is affirmed in all other respects.

*State v. Cowan*, 8th Dist. Cuyahoga No. 101995, 2015-Ohio-2271, ¶ 9-15 ("*Cowan V*").

{¶8} On November 15, 2015, following our limited remand, the trial court held a hearing on the sole issue of imposing postrelease control. Cowan was represented by counsel, and the trial court advised Cowan as follows:

> [F]or the record, a couple things, there was sentencing handed down on this case on November 22, 2013, [the judge] handed down a sentence of 18 years after a jury came back. The jury found you guilty of felonious assault, a felony of the first degree [sic],[3] with firearm specs, both a one- and three-year spec.
>
> You were also found guilty of discharging a firearm on or about or near a prohibited premises, a felony of the first degree [sic],[4] as well, as charged in Count 9 of the indictment.
>
> And the jury found you guilty of having weapon while under disability with a forfeiture specification that was Count 7.
>
> Jury found you guilty of improperly handling a firearm in a motor vehicle, that's a felony of the fourth degree, that's Count 8.

---

[3] *See* fn. 1.

[4] *See* fn. 1.

* * *

So let me explain.   Any felony of the first degree in the State of Ohio has mandatory postrelease control for five years.   * * * So you're going to have five years of postrelease control, Mr. Cowan.   That five years of post release control is mandatory. So when you finish your term of incarceration the Parole Authority is going to supervise you for five years.   * * *

If they violate you, they could send you back to prison, * * * And under the law, you could receive up to one-half the time that [you received] originally as a sanction.   * * *   And you could get an additional 9 years, one-half of 18 years, if you violate postrelease control, and if the Parole Authority wanted to impose it, they could impose a total of 9 years, one-half [of] the 18 years; do you understand that?

THE DEFENDANT: Yes, I do.

{¶9}   Cowan again appeals, and presents the sole assignment of error for our review:

## Assignment of Error

[Cowan] asserts that he has been deprived of his right to due process when the trial court has repeatedly failed to properly impose postrelease control and has erroneously sentenced him to a mandatory five-year period of postrelease control contrary to law.

{¶10} Within this assignment of error, Cowan notes that the trial court erred in determining that his convictions for felonious assault and discharging a weapon near prohibited premises are first-degree felonies, and erred in imposing a mandatory five-year period of postrelease control.   He additionally argues that in light of the fact he has had five sentencing hearings and that this aspect of the sentence remains incorrect, his right to due process of law has been violated thereby barring the trial court from imposing

postrelease control in this matter. The state concedes that a conviction for felonious assault in violation of R.C. 2903.11(A)(2) is, in fact, a felony of the second degree. *See* R.C. 2903.11(D)(1). The eight-year prison term for this offense is within the appropriate range for a felony of the second degree; however, it is the maximum term. R.C. 2929.14(A)(2). The state also concedes that Cowan may only be sentenced to a three-year period of postrelease control and not a mandatory five-year period. However, the state does not concede that this error precludes further imposition of postrelease control because Cowan has not completed his sentence.

Postrelease Control

{¶11} A conviction for felonious assault under R.C. 2903.11(A)(2) is a felony of the second degree. R.C. 2903.11(D)(1). A conviction for having a weapon while under disability is a felony of the third degree. R.C. 2923.13(B). A conviction for improperly handling firearms in a motor vehicle under R.C. 2923.16(B) is a felony of the fourth degree. R.C. 2923.16(I). A conviction for discharging a firearm on or near a prohibited premises under R.C. 2923.162(A)(3) is a felony of the third degree. R.C. 2923.162(C). Therefore, the most serious offense that Cowan committed is a felony of the second degree. As a result, under R.C. 2967.28(B), the period of postrelease control that is to be imposed is three years.

{¶12} The state concedes that the trial court erred in imposing a mandatory five-year period of postrelease control, and the correct term is three years. A sentence that fails to comply with the statutory requirements of postrelease control is void only as to

postrelease control and must be rectified only in that aspect, unless the defendant has completed his sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 17; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 6; *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958. The postrelease control notifications must be provided at the sentencing hearing and must also be incorporated into the sentencing entry. *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18-19; R.C. 2929.191.

**{¶13}** Here, the state has conceded that the postrelease control notification was erroneous and, following our independent review, this portion of the assignment of error is well taken. We additionally note that Cowan has not completed his sentence and, therefore, the error may be rectified. *Id*.

Due Process

**{¶14}** As to whether Cowan has suffered a due process violation that bars correction of the sentence, we note that the term "due process" lacks a precise, technical definition and is instead a flexible concept. *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 80-81. The *C.S.* court explained:

> "[T]he phrase expresses the requirement of 'fundamental fairness,' a requirement whose meaning can be as opaque as its importance is lofty. Applying the Due Process Clause is therefore an uncertain enterprise which must discover what 'fundamental fairness' consists of in a particular situation by first considering any relevant precedents and then by assessing the several interests that are at stake."

*Id.*, quoting *Lassiter v. Dept. of Social Servs. of Durham Cty., North Carolina*, 452 U.S. 18, 24-25, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).

{¶15} In considering the "relevant precedents," we note that "[w]hen a judge fails to properly impose statutorily mandated postrelease control as part of a defendant's sentence, the postrelease-control sanction is void." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, paragraph two of the syllabus, applying *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. The trial court retains jurisdiction to correct the flawed imposition of postrelease control while the defendant is still in prison on that offense. *Holdcroft* at ¶ 14. The *Holdcroft* court noted that the legislature held that in enacting R.C. 2929.191, the legislature set forth a procedure whereby postrelease control may be properly authorized and given effect, even though initial notification was inadequate if the offender has not been released from prison "under the prison term the court imposed." *Id*. at ¶ 31.

{¶16} As to a defendant's expectation of finality, the *Holdcroft* court noted that "the power of a sentencing court to correct even a statutorily invalid sentence must be subject to some temporal limit," and held that "once an offender has been released from prison, he cannot be subjected to another sentencing to correct the trial court's flawed imposition of postrelease control." *Holdcroft* at ¶ 11, citing *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 70, and *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, syllabus, ¶ 38.

{¶17} Finally, the *Holdcroft* court held that the court may correct the void sanction where the defendant is still serving his prison term "without offending the Double Jeopardy or Due Process Clauses" since there is "no unfair surprise or prejudice" to the

defendant who does not have a legitimate expectation of finality in that situation. *Id.* at ¶ 17, quoting *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568.

**{¶18}** Applying the foregoing, we conclude that while the repeated resentencing hearings have undoubtedly been frustrating for Cowan, they do not rise to the level of a due process violation that bars the imposition of postrelease control in this matter. The additional error cited herein, that Cowan was erroneously deemed to have committed first-degree felony felonious assault, has appeared in each of the relevant sentencing entries going back to 2012. Thus, it is not a new error, but rather an error that is only now being brought to the court's attention for review. Further, it is undisputed that Cowan has not completed his sentence so it is subject to correction under *Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718.

**{¶19}** Accordingly, we conclude that it does not offend concepts of fundamental fairness to remand this matter for the sole purpose of correcting the sentencing journal entry to reflect the correct felony levels of the offenses, advise Cowan of the proper postrelease control requirements, and memorialize those requirements into a judgment entry.

**{¶20}** Judgment is reversed and remanded for postrelease control notification and correction of the sentencing journal entry.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

MELODY J. STEWART, J., and
PATRICIA A. BLACKMON, J., CONCUR