[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cowan v. Gallagher,* Slip Opinion No. 2018-Ohio-1463.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1463

STATE EX REL. COWAN, APPELLANT, *v.* GALLAGHER, JUDGE, APPELLEE.

(TWO CASES.)

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cowan v. Gallagher,* Slip Opinion No. 2018-Ohio-1463.]

*Mandamus—Inmate failed to show that trial court disobeyed court of appeals' remand order to conduct de novo sentencing hearing—Inmate's allied-offense claims are barred by res judicata—Court of appeals' denials of writs affirmed.*

(Nos. 2017-0220 and 2017-0387—Submitted November 21, 2017—Decided April 18, 2018.)

APPEAL from the Court of Appeals for Cuyahoga County,
No. 104666, 2017-Ohio-108.

APPEAL from the Court of Appeals for Cuyahoga County,
No. 104972, 2017-Ohio-471.

_____

**Per Curiam.**

{¶ 1} These two appeals, which we consolidate for decision, arise out of the same underlying facts. In each case, appellant, Craig A. Cowan, filed a complaint for a writ of mandamus against appellee, Cuyahoga County Court of Common Pleas Judge Shannon M. Gallagher. The Eighth District Court of Appeals denied both requested writs. We affirm.

## Background

{¶ 2} On January 18, 2012, after he was convicted on multiple charges, including felonious assault, Cowan was sentenced to consecutive prison terms totaling 18 years. *State v. Cowan*, Cuyahoga C.P. No. CR-11-550536-A. The court of appeals affirmed the convictions but remanded the case for the trial court to consider whether consecutive sentences were appropriate and if so, to enter on the record the findings required by R.C. 2929.14(C)(4). *State v. Cowan*, 8th Dist. Cuyahoga No. 97877, 2012-Ohio-5723, ¶ 44, 46 ("*Cowan I*").

{¶ 3} The trial court resentenced Cowan on February 6, 2013, but again failed to comply with the requirements of R.C. 2929.14(C)(4). The appellate court remanded the case for a new sentencing hearing. *State v. Cowan*, 8th Dist. Cuyahoga No. 99566, 2013-Ohio-4475, ¶ 16-18 ("*Cowan II*").

{¶ 4} On November 22, 2013, the trial court sentenced Cowan a third time. He appealed, and the appellate court again remanded the case, this time for the sole purpose of advising Cowan of postrelease-control requirements. *State v. Cowan*, 8th Dist. Cuyahoga No. 100741, 2014-Ohio-3593, ¶ 14-15, 18 ("*Cowan III*").

{¶ 5} On September 16, 2014, the trial court issued a journal entry memorializing that it had advised Cowan about postrelease control. The court of appeals again found that the trial court had incorrectly advised Cowan regarding postrelease control and remanded the case for a correct postrelease-control advisement. *State v. Cowan*, 8th Dist. Cuyahoga No. 101995, 2015-Ohio-2271, ¶ 15-17 ("*Cowan IV*").

**{¶ 6}** On remand, the trial court advised Cowan of the postrelease-control requirements on April 7, 2015. For reasons that are unclear, on November 5, 2015, the trial court held a second hearing for the same purpose and issued a nunc pro tunc journal entry. On appeal, the court of appeals again found that the trial court had incorrectly advised Cowan regarding postrelease control. The appellate court again remanded the case for a correct postrelease-control advisement and for correction of an error in the sentencing entry. *State v. Cowan*, 8th Dist. Cuyahoga No. 103855, 2016-Ohio-8045, ¶ 13, 19-20.

**{¶ 7}** The trial court held a hearing on July 19, 2017, for the purpose of readvising Cowan as to postrelease control. Cowan appealed from the journal entry that the court issued following the hearing. On March 22, 2018, the court of appeals held that the trial court's entry misstated the felony level for one of Cowan's offenses, and remanded the case to the trial court for issuance of a nunc pro tunc entry. *State v. Cowan*, 8th Dist. Cuyahoga No. 106074, 2018-Ohio-1097.

### Analysis

*Case No. 2017-0220*

**{¶ 8}** In *Cowan II*, the court of appeals "remand[ed] for a de novo resentencing hearing." *Cowan II*, 2013-Ohio-4475, at ¶ 18. On June 29, 2016, after the court of appeals had decided *Cowan IV*, Cowan filed a complaint for a writ of mandamus in the Eighth District Court of Appeals.[1] He alleged that the trial court had failed to comply with the appellate court's mandate in *Cowan II* by failing to conduct a de novo sentencing hearing between *Cowan II* and *Cowan III*.

**{¶ 9}** The court of appeals granted Judge Gallagher's motion for summary judgment and denied the requested writ. Cowan timely appealed to this court.

---

[1] This was Cowan's second mandamus complaint. His first complaint sought to compel Judge Gallagher to rule on a motion for self-representation that he had filed in October 2011. The court of appeals dismissed that complaint, *State ex rel. Cowan v. Gallagher*, 8th Dist. Cuyahoga No. 103470, 2015-Ohio-5156, and we affirmed, *State ex rel. Cowan v. Gallagher*, 147 Ohio St.3d 416, 2016-Ohio-7430, 66 N.E.3d 728.

**{¶ 10}** To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide the requested relief, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13.

**{¶ 11}** In his sole proposition of law, Cowan asserts that he is entitled to a writ of mandamus because the trial court had a clear legal duty to conduct a de novo sentencing hearing on remand from *Cowan II*. But Cowan has failed to show that the trial court disobeyed the court of appeals' mandate.

**{¶ 12}** A writ of mandamus "is an appropriate remedy to require a lower court to comply with an appellate court's mandate directed to that court." *State ex rel. Heck v. Kessler*, 72 Ohio St.3d 98, 100, 647 N.E.2d 792 (1995). But the use of a writ of mandamus to enforce an appellate court's mandate is reserved for extreme cases of direct disobedience.

**{¶ 13}** *Heck*, for example, involved a prosecution for ethnic intimidation under R.C. 2927.12. The trial court declared the statute unconstitutional, and the court of appeals and this court both affirmed. The United States Supreme Court vacated this court's judgment and remanded the case for further consideration. On remand, we declared the statute constitutional and remanded the case to the trial court for a new trial. On remand, however, the trial court dismissed the ethnic-intimidation charges. On those facts, we granted a writ of mandamus requiring the trial court to comply with this court's prior mandate to hold a new trial. *Id.* at 103; *see also State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 391 N.E.2d 343 (1979) (affirming court of appeals' issuance of writ of mandamus to compel trial court to strike claims in complaint that court of appeals had ordered dismissed with prejudice).

**{¶ 14}** In this case, by contrast, the trial court attempted to comply with the court of appeals' mandate in *Cowan II* and mostly succeeded, as the court of appeals acknowledged in *Cowan III*:

> In *Cowan II*, this court specifically remanded for a "de novo resentencing hearing." * * * Because the remand order from this court was for a de novo sentencing hearing, the trial court had to conduct a new sentencing hearing and comply with all sentencing requirements. The court made no mention of postrelease control at the November 2013 resentencing hearing or in the sentencing judgment entry memorializing same. As such, we are constrained to once again reverse this case for the sole purpose of advising Cowan of his postrelease control requirements.

*Cowan III*, 2014-Ohio-3593, at ¶ 14. The fact that the trial court's attempt to comply with the mandate failed in one respect does not mean that it directly disobeyed the appellate court's instructions.

**{¶ 15}** Cowan has not identified any manner in which the trial court failed to comply with the court of appeals' mandate in *Cowan II* other than the trial court's failure to advise him as to postrelease control. And given the court of appeals' above-quoted analysis in *Cowan III*, any new allegation would be res judicata. *State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-1509, 824 N.E.2d 1000, ¶ 14, quoting *Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶ 12 ("In general, '[r]es judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit' ").

**{¶ 16}** We affirm the judgment of the court of appeals in case No. 2017-0220.

*Case No. 2017-0387*

**{¶ 17}** In the complaint he filed in case No. 2017-0387, Cowan alleged that before his initial sentencing, the trial court failed to consider whether some of the charged offenses were allied offenses of similar import. He claimed that his convictions are therefore void and that a writ of mandamus should issue to compel the trial court to resentence him. And he asserted that on direct appeal, the court of appeals considered a dismissed felonious-assault count when resolving his allied-offenses claim.

**{¶ 18}** The court of appeals granted Judge Gallagher's motion for summary judgment and denied the requested writ, based on res judicata. The court observed that it had previously addressed the merits of Cowan's allied-offenses argument on two occasions, first in *Cowan I* and again on his application to reopen his appeal in *State v. Cowan*, 8th Dist. Cuyahoga No. 100741, 2015-Ohio-672.

**{¶ 19}** Cowan timely appealed to this court. His merit brief sets forth his theory of the case: "The trial court disregarded the State's choice to merge allied offenses and pronounced a separate, individual sentence for Count 8 and Count 9. When the trial court disregarded the State's recommendation to merge prior to sentencing, the sentence became void." Cowan's argument is based on a misreading of our decision in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234.

**{¶ 20}** This court held in *Williams* that a judgment of sentence is void in one particular circumstance: when the trial court determines that multiple counts should be merged but then proceeds to impose separate sentences in disregard of its own ruling. *Id*. at ¶ 28-29. However, "when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata." *Id*. at ¶ 26. Based on *Williams* and

Cowan's own allegations, the court of appeals correctly held that Cowan's allied-offense claim of trial-court error is barred by res judicata. For the same reason, Cowan's other claim, that the court of appeals erred in its allied-offenses analysis by considering a dismissed charge, is also barred by res judicata.[2] *Id.* at ¶ 24, quoting *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 383, ¶ 8 (this court's "void sentence jurisprudence does not apply to 'challenges to a sentencing court's determination *whether* offenses are allied' " [emphasis added in *Williams*]).

{¶ 21} We affirm the judgment of the court of appeals in case No. 2017-0387.

Judgments affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

_____

Craig A. Cowan, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____

---

[2] The court of appeals' opinion states that its "conclusion that his convictions were not allied offenses of similar import had nothing to do with the felonious assault offenses charged in Counts 1 and 3 for which he was not convicted." 2017-Ohio-471 at ¶ 5.