[Cite as *State v. Stout*, 2019-Ohio-2210.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 18CA66 |
| | : | |
| DEVON R. STOUT | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court
of Common Pleas, Case No. 2009 CR
869 H


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      June 4, 2019


APPEARANCES:

For Plaintiff-Appellee:                  For Defendant-Appellant:

GARY BISHOP                              DAVID M. WATSON
RICHLAND CO. PROSECUTOR                  3 North Main St., Suite 702
JOSEPH C. SNYDER                         Mansfield, OH 44902
38 South Park St.
Mansfield, OH 44902

*Delaney, J.*

{¶1} Appellant Devon R. Stout appeals from the July 24, 2018 judgment entry of the Richland County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} This case arose in 2009 when appellant was charged by indictment with two counts of felonious assault and four counts of child endangering.

{¶3} We note the facts of the underlying offenses are not specified in the record and are not stated by either party. The trial court record includes a brief police report indicating the investigation was launched at Nationwide Children's Hospital when appellant's infant son was found to have several broken bones.

{¶4} On March 18, 2010, appellant entered pleas of guilty to one count of felonious assault and one count of child endangering, both felonies of the second degree. The remaining counts were dismissed.

{¶5} Appellee recommended a prison term of four years upon Count I, felonious assault, and a community-control term of 3 years upon Count III, child endangering, "upon release in count one." Admission of Guilt/Judgment Entry, March 18, 2010.

{¶6} The matter proceeded to sentencing on April 21, 2010, and the trial court sentenced appellant to a prison term of four years each upon Counts I and III, although the prison term upon Count III was suspended. A notation states the counts are to be served "consecutively to each other and to 07-CR-529 & 07-CR-978." The sentence further states appellant is sentenced to a four-year term of community control upon Count III.

{¶7} On December 6, 2011, appellant filed a motion for judicial release in the instant case. Appellee responded with a motion in opposition arguing that appellant was caught breaking into vacant houses in 2007 and was charged with one count of breaking and entering in case number 07-CR-529 H. While that case was pending, appellant was caught breaking into another house. The second case was 07-CR-978 H. He received a suspended sentence and was placed on community control, but then committed the offenses in the instant case, which arose from his physical abuse of his infant son. Appellee stated in pertinent part:

* * * *.

[Appellant] had been given the opportunity to participate in the Crossroads Center for Change program and was on intensive supervision probation when he began physically abusing his infant son in late 2009 [the instant case]. For this he received his current split sentence of 4-years prison followed by 4-years of community control supervision. He also has 3-years of post-release control to complete upon his scheduled release.

* * * *.

{¶8} The trial court overruled appellant's motion for judicial release on January 12, 2012.

{¶9} On November 19, 2011, appellant filed a pro se motion for jail time credit. Appellee filed a written response indicating no objection thereto. The trial court overruled appellant's motion on December 9, 2014, finding appellant had already been credited for the time requested.

{¶10} On April 19, 2018, a notice of probation violation was filed. A hearing was scheduled for April 24, 2018. The hearing date was continued several times due to appellant's health issues.

{¶11} The hearing proceeded on July 23, 2018 and appellant admitted to several violations of community-control conditions. The trial court found appellant guilty and sentenced him to a prison term of two years upon Count III.

{¶12} Appellant now appeals from the trial court's Community Control Violation Journal Entry of July 24, 2018.

{¶13} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶14} "I. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT IMPOSED SEPARATE SENTENCES FOR OFFENSES THAT AROSE FROM THE SAME CONDUCT, WERE NOT COMMITTED SEPARATELY OR WITH A SEPARATE ANIMUS, AND SHOULD HAVE BEEN MERGED FOR SENTENCING PURPOSES PURSUANT TO R.C. 2941.25."

{¶15} "II. THE TRIAL COURT COMMITTED ERROR IN SENTENCING APPELLANT TO PRISON ON ONE CHARGE AND TO COMMUNITY CONTROL ON THE OTHER CHARGE BECAUSE THE COMMUNITY CONTROL WAS A LONGER SENTENCE THAN THE PRISON SENTENCE, IN VIOLATION OF R.C. 2929.15."

**ANALYSIS**

**I.**

{¶16} In his first assignment of error, appellant argues the trial court should have merged the offenses of felonious assault and child endangering for purposes of

sentencing. Appellee argues that appellant's allied-offenses argument is barred by res judicata, and we agree.

{¶17} Appellant ostensibly appeals from the probation-violation judgment entry imposing the suspended prison term, but challenges his original sentence. We note appellant failed to file a direct appeal of his conviction and sentence.

{¶18} Appellant argues his convictions should have merged for purposes of sentencing. A defendant may be indicted upon and tried for allied offenses of similar import, but may be sentenced on only one of the allied offenses. *State v. Carr,* 2016-Ohio-9, 57 N.E.3d 262, ¶ 42 (5th Dist.), citing *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 42. R.C. 2941.25 states as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶19} The question of whether offenses merge for sentencing depends upon the subjective facts of the case in addition to the elements of the offenses charged. *State v.*

*Hughes*, 5th Dist. Coshocton No. 15CA0008, 2016-Ohio-880, 60 N.E.3d 765, ¶ 21. Appellant's summary argument in the instant case points to no subjective facts.

{¶20} Appellate review of an allied-offense question is *de novo. State v. Miku*, 2018-Ohio-1584, 111 N.E.3d 558, ¶ 70 (5th Dist.), citing *State v. Williams,* 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12. In the instant case, there was no allied-offense determination at the original sentencing and we have no facts before us for review.

{¶21} Appellee argues appellant's arguments in the instant case are barred by res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Snyder*, 5th Dist. Tuscarawas No.2015AP070043, 2016–Ohio–832, ¶ 26 quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶22} In the instant case, at the original sentencing hearing and in the sentencing entry, the trial court was silent as to any finding regarding allied offenses. Accordingly, we hold appellant's present challenge to his sentencing based on an allied-offense theory could have been raised as part of his direct appeal, and thus the present claim is barred by *res judicata*. See, *State v. Duplert*, 5th Dist. Muskingum No. CT2018-0068, 2019-Ohio-1662, ¶ 14, citing *State v. Franklin*, 5th Dist. Stark No. 2017 CA 00170, 2018-Ohio-2904, *appeal not allowed,* 154 Ohio St.3d 1423, 2018-Ohio-4496, 111 N.E.3d 21; *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234; *State ex rel. Cowan v. Gallagher*, 153 Ohio St.3d 13, 2018-Ohio-1463, 100 N.E.3d 407.

{¶23} Moreover, as mentioned infra, the facts of the underlying offenses are not contained in the record so appellant's argument that Counts I and III should merge is not supported by any evidence whatsoever. Appellant points to nothing in the record indicating Counts I and III arose from the same conduct.

{¶24} Appellant's first assignment of error is overruled.

II.

{¶25} In his second assignment of error, appellant argues the trial court erred in imposing a "split sentence" which ordered him to be placed on community control upon his release from prison. We disagree.

{¶26} We have approved sentences in which a trial court imposes community control consecutive to a prison term. In *State v. Hitchcock*, we determined that in a case in which a defendant is sentenced on three separate counts, a trial court may impose two sixty-month prison terms, consecutive to each other (Counts I and II), and consecutive to a term of community control (Count III). 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, appeal accepted, 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877. See also, *State v. Williams*, 5th Dist. Fairfield No. 17-CA-43, 2018-Ohio-4580, ¶ 22, *motion to certify allowed,* 154 Ohio St.3d 1519, 2019-Ohio-768, 118 N.E.3d 257. The Ohio Supreme Court has accepted jurisdiction of appeals in *Hitchcock* and *Williams* and both cases remain pending.

{¶27} We have also held that when the term of community control includes a period spent in a CBCF, a trial court did not have statutory authority to order, as part of the original sentence, appellant's placement into a CBCF as part of her community-control sanction after her completion of the separate prison term. *State v. Weber*, 5th Dist.

Fairfield No. 17-CA-36, 2018-Ohio-3174, ¶ 28, *motion to certify allowed,* 154 Ohio St.3d 1476, 2019-Ohio-169, 114 N.E.3d 1204, and *appeal not allowed,* 154 Ohio St.3d 1477, 2019-Ohio-169, 114 N.E.3d 1205.

{¶28} In the instant case, appellant has not pointed to any information in the record indicating that any portion of his community-control term was ordered to be served in a CBCF. We therefore agree with appellee and follow *Hitchcock* and *Williams* in finding that the trial court had authority to impose a term of community control to be served consecutively to appellant's prison term.

{¶29} Appellant's second assignment of error is therefore overruled.

## CONCLUSION

{¶30} Appellant's two assignments of error are overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Baldwin, J., concur.