[Cite as *State ex rel. Gallagher v. Collier-Williams*, 2022-Ohio-1177.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL.,
WILLIAM J. GALLAGHER,                    :

      Relator,                               :

                                 No. 111229

      v.                                     :

JUDGE CASSANDRA
COLLIER-WILLIAMS,                        :

      Respondent.                            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** April 4, 2022

---

Writ of Mandamus and/or Prohibition
Motion No. 552663
Order No. 553300

---

### *Appearances:*

Brian J. Halligan, *for relator*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew D. Greenwell, Assistant Prosecuting Attorney, *for respondent*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Relator, William J. Gallagher ("Gallagher"), seeks writs of mandamus and/or prohibition directing respondent, Judge Cassandra Collier-Williams, to

vacate her order striking Gallagher's jury demand in an underlying civil case, *Gallagher v. Cochran*, Cuyahoga C.P. No. CV-18-908626. For the following reasons, we grant respondent's motion to dismiss, deny the requested writs, and dismiss the complaint.

## I. Background

{¶ 2} On January 28, 2022, Gallagher filed a complaint for writs of mandamus and/or prohibition asserting the following. He is the plaintiff in a civil action pending before respondent. The action was the subject of a previous appeal to this court after respondent granted summary judgment in favor of the defendants, Edward W. Cochran ("Cochran") and Cleveland Plating, L.L.C. ("Cleveland Plating"), on all of Gallagher's claims. This court reversed the grant of summary judgment for two out of five claims and remanded the case back to respondent. *Williams v. Cochran*, 8th Dist. Cuyahoga No. 109081, 2020-Ohio-4917. In the instant complaint, Gallagher gave a detailed factual history of the dispute between the parties in the underlying case. This will be summarized here, but a more detailed factual summary can be found in the appellate decision cited above.

{¶ 3} Gallagher was employed by Barker Products Company ("Barker"). The company was experiencing financial difficulty, and Gallagher loaned Barker approximately $400,000 over several years. Barker's accountant informed the ownership and management teams of a potential investor, Cochran. During negotiations for the sale of the business, Gallagher claims certain representations were made to him by Barker's then-accountant and Cochran. The assets of Barker

were eventually purchased at foreclosure sale by Cochran and another individual. They formed a new company, Cleveland Plating, and began operating in Barker's former business premises. Gallagher claims that he was promised the ability to recoup the money he advanced to Barker plus interest through an equity share in the company or through employment. He received neither. Relevant to this action, he sued Cochran and Cleveland Plating in the Cuyahoga County Common Pleas Court at the end of 2018. Respondent is the judge presiding over that case.

{¶ 4} In the underlying suit, Cochran alleged, among other things, that Gallagher's claims ran afoul of the statute of frauds. Summary judgment was granted in Cochran's favor on all five claims for relief raised by Gallagher. Gallagher then appealed.

{¶ 5} On appeal, this court analyzed the application of the statute of frauds to Gallagher's claims:

> We will begin with a discussion of the statute of frauds and explain why material facts exist that lead us to the conclusion that the statute does not automatically grant Cochran victory.
>
> R.C. 1335.05 contains Ohio's Statute of Frauds. The statute provides, in relevant part:
>
> > No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person * * * or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

Stated plainly, when applied to this case, Cochran cannot have promised to pay Barker Products' debts to Gallagher unless Cochran or Cleveland Plating agreed to that in writing. Neither party suggests that Cochran did agree to assume Barker Products' debts in writing. Cochran argues as a result that all of Gallagher's claims against him fail. However, Gallagher's claims allege not that Cochran agreed to pay him directly, but that Gallagher was promised an equity stake in the company or employment to reimburse him for his debts. As a result, the statute of frauds debt provision is not implicated.

Cochran also argues more specifically that Gallagher's first claim fails under the statute because those claims cannot be completed in a year. We disagree.

In Gallagher's first claim he alleges that Cochran promised him he would be repaid over time through employment and an equity share. It is possible for an equity sharehold to be given to a person or to reach the required value in less than a year, therefore the statute of frauds is not implicated. The question of employment requires slightly more analysis.

Gallagher was promised a lifetime contract by Dagley [a majority shareholder of Barker] to work at Barker Products. Cochran argues that Gallagher is asserting Cochran also offered him a lifetime contract, or at least that Cochran agreed to continue employing Gallagher on his lifetime contract. Cochran argues that this supposed oral contract would therefore be void under the statute of frauds. However, neither Gallagher's complaint nor his affidavit imply that he is alleging Cochran offered him a lifetime position, merely that he offered him a position at Barker Products. Rather than decide whether a lifetime contract fails under the statute of frauds, we instead can say definitively that a period of employment can be completed within a year. The statute of frauds does not bar Gallagher's claim for breach of contract.

We find that the statute of frauds does not bar any part of the complaint.

*Gallagher*, 8th Dist. Cuyahoga No. 109081, 2020-Ohio-4917, ¶ 34-40. This court

later observed in the opinion addressing Gallagher's first claim for relief: "this claim

survives the statute of frauds because Gallagher is referring to a) a promise of

employment and b) a promise of an equity shareholder position. Gallagher is not referring to a strict repayment of another's debt that would violate the statute." *Id.* at ¶ 47. Further, in denying Cochran's motion for reconsideration, this court stated, "According to Gallagher's claim, Cochran is not obligated to do anything more than grant him an equity share and employment." *Id.*, *reconsideration denied* (Nov. 13. 2020), Motion No. 541992.

{¶ 6} After the reversal of summary judgment on two counts in Gallagher's complaint, Gallagher alleges that Cochran filed a motion to strike Gallagher's jury demand made in his complaint, which respondent granted on January 18, 2022. In part, respondent held

> The Court of Appeals found that the Statute of Frauds does not bar any part of the Plaintiff's Complaint. The Court based that conclusion on their determination that Plaintiff's claims "allege not that Cochran agreed to pay him directly, but that Gallagher was promised an equity stake in the company or employment to reimburse him for his debts. As a result, the Statute of Frauds debt provision is not implicated." *Gallagher v. Cochran*, 8th Dist. Cuyahoga No. 109081, 2020-Ohio4917, ¶ 36. Furthermore, the Court held that it "is possible for an equity sharehold to be given to a person or to reach the required value in less than a year", as well as a "period of employment can be completed within a year." *Id.* at ¶ 39. Therefore, the "Statute of Frauds does not bar any part of the complaint." *Id.* at ¶ 40.

*Gallagher*, Cuyahoga C.P. CV-18-908626, *order striking jury demand*, 2 (Jan. 18, 2022).

{¶ 7} The instant complaint for writs of mandamus and/or prohibition followed.

{¶ 8} The complaint alleged that respondent's decision was based on the statute of frauds, which this court found did not apply to the claims and was contrary to and ignored the mandate of this court announced in *Gallagher* recited above. In accordance with a briefing schedule issued by this court, respondent filed a motion to dismiss on February 28, 2022. There, she argued that Gallagher was not entitled to a jury trial because he was left with claims sounding only in equity once the case was remanded back from this court. Gallagher timely filed a brief in opposition.

## II. Law and Analysis

{¶ 9} Gallagher's complaint and briefing argued that respondent has failed to follow a mandate of a superior court and deprived him of his right to a jury trial.

### A. Standards Applicable to this Action

{¶ 10} Gallagher seeks a writ of mandamus. Mandamus may issue where relators show, by clear and convincing evidence, that (1) they have a clear legal right to the requested relief, (2) the respondent has a clear legal duty to provide the requested relief, and (3) there is no other adequate remedy in the ordinary course of the law. *State ex rel. Fire Rock, Ltd. v. Ohio DOC*, 163 Ohio St.3d 277, 2021-Ohio-673, 169 N.E.3d 665, ¶ 5, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. "The writ of mandamus is not granted by right. It is a high prerogative writ, and its issuance rests in the sound discretion of the court." *Patton v. Springfield Bd. of Edn.*, 40 Ohio St.3d 14, 15, 531 N.E.2d 310 (1988).

{¶ 11} "A writ of prohibition can issue in a case where the trial court has disregarded the mandate of a superior court in a prior appeal in the same case." *State ex rel. Evans v. McGrath*, 10th Dist. Franklin No. 16AP-238, 2016-Ohio-8348, ¶ 7, citing *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633. To be entitled to a writ of prohibition, a relator must show that "(1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law." *O'Donnell Constr. Co. v. Mannen*, 8th Dist. Cuyahoga No. 88717, 2006-Ohio-6601, ¶ 8, citing *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Where a respondent patently and unambiguously lacks jurisdiction, a court does not consider whether the relator possesses an adequate remedy at law. *Id.*

{¶ 12} The complaint is before this court on respondent's motion to dismiss pursuant to Civ.R. 12(B)(6), failure to state a claim for which relief can be granted. Under this standard, "[a] court can dismiss [an original] action * * * if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ * * *." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9.

### B. Failure to Follow the Mandate of a Superior Court

{¶ 13} When an inferior tribunal refuses to follow the mandate of superior one, mandamus or prohibition may lie. "[I]n Ohio, it is recognized that a writ of

mandamus is an appropriate remedy to require a lower court to comply with an appellate court's mandate directed to that court." *State ex rel. Heck v. Kessler*, 72 Ohio St.3d 98, 100, 647 N.E.2d 792 (1995), citing *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 391 N.E.2d 343 (1979); *State ex rel. Schneider v. Brewer*, 155 Ohio St. 203, 98 N.E.2d 2 (1951). *See also State ex rel. Smith v. O'Connor*, 71 Ohio St.3d 660, 662, 646 N.E.2d 1115 (1995) (stating that either mandamus or prohibition is an appropriate remedy to prevent a court from deviating from a mandate of a superior court.) Where this is at issue in an action, the general requirement that a relator must lack an adequate remedy at law is not a bar to relief in mandamus because "[t]o hold otherwise might lead to the result of a lower court perpetually refusing a superior court's mandate, necessitating repeated, ineffective appeals." *Id*. at 102. Further, mandamus may not be used to control judicial discretion, but a court "'has *no discretion* to disregard the mandate of a superior court in a proper appeal in the same case.'" (Emphasis sic.) *Id*. at 102, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus. However, "the use of a writ of mandamus to enforce an appellate court's mandate is reserved for extreme cases of direct disobedience." *State ex rel. Cowan v. Gallagher*, 153 Ohio St.3d 13, 2018-Ohio-1463, 100 N.E.3d 407, ¶ 12. A court does not consider the lack of an adequate remedy at law when it is clear that a respondent is disregarding a mandate of a superior court. This makes the analysis similar to prohibition because a court does not have jurisdiction to disregard the mandate of a superior court for the purposes

of both mandamus and prohibition. *See generally State ex rel. Jelinek v. Schneider*, 127 Ohio St.3d 332, 2010-Ohio-5986, 939 N.E.2d 847, ¶ 12.

{¶ 14} It is not clear from the record in this case that respondent is disregarding the mandate of this court as set forth in *Gallagher*, 8th Dist. Cuyahoga No. 109081, 2020-Ohio-4917. This court, on summary judgment construing all reasonable inference in favor of the nonmoving party, applied the statute of frauds to Gallagher's claims and determined that Gallagher was seeking (1) an equity interest in a business or (2) employment at the same business. *Id.* at ¶ 37. When Gallagher's claims were viewed in this manner, this court found that the statute of frauds did not necessarily prevent Gallagher from succeeding in the action or prevent Gallagher from recovering on the two claims for relief that survived summary judgment. Respondent read this court's analysis as winnowing down Gallagher's possible forms of relief to those that do not run afoul of the statute of frauds: employment at and an equity stake in Cleveland plating. Whether correct or not, respondent has determined that these are claims that sound in equity for specific performance.

{¶ 15} Respondent's interpretation of this court's decision, as set forth above, is consistent with how Gallagher's claims were described by this court in *Gallagher* when discussing the application of the statute of frauds. Respondent read this court's analysis and determined that the claims analyzed by this court in reference to the statute of frauds seek specific performance — an equity interest in Cleveland Plating and employment with Cleveland Plating sufficient to recoup Gallagher's past

loans. "'[A]n action [for] specific performance is equitable in nature, so neither party is entitled to a trial by jury.'" *Hongosh v. Piszko*, 8th Dist. Cuyahoga No. 45623, 1983 Ohio App. LEXIS 14504, 3-4 (May 19, 1983), quoting *Pierce v. Stewart*, 61 Ohio St. 422, 56 N.E. 201 (1900), paragraph one of the syllabus.

{¶ 16} This court's mandate did not address the type of trial that should be held on remand. The opinion in *Gallagher* remanded the matter for further proceedings consistent with the opinion after finding there were genuine issues of material fact. The *Gallagher* Court found that the statute of frauds did not bar these claims. The types of recovery available to Gallagher were not addressed by this court, and respondent's interpretation, whether ultimately correct or not, is not so far afield that this case represents the extraordinary situation where a respondent is in direct disobedience of a superior court's mandate. Respondent's briefing has demonstrated that she is not conclusively ignoring a mandate of this court, and Gallagher's complaint and briefing fail to demonstrate that she is. Therefore, we find that respondent is not patently and unambiguously without jurisdiction to issue the order as Gallagher has alleged.

{¶ 17} Respondent's decision also impacts important rights preserved by rule, constitution, and statute in Ohio. Civ.R. 38(A) provides, "The right to trial by jury shall be preserved to the parties inviolate." *See also* Ohio Constitution, Article I, Section 5. However, Civ.R. 39(A) goes on to state, in part, that "[t]he trial of all issues so demanded shall be by jury, unless * * * the court upon motion or of its own

initiative finds that a right of trial by jury of some or all of those issues does not exist." R.C. 2311.04 also states,

> Issues of law must be tried by the court, unless referred as provided in the Rules of Civil Procedure. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or unless all parties consent to a reference under the Rules of Civil Procedure.

> All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury, or referred.

{¶ 18} In granting the motion to strike Gallagher's jury demand, respondent found that Gallagher's claims sounded in equity. "'Where a plaintiff seeks primarily equitable relief with attendant and incidental money damages neither party is entitled to a trial by jury.'" *Tipp City v. Watson*, 2d Dist. Miami No. 02CA43, 2003-Ohio-4836, ¶ 17, quoting *Pyromatics, Inc. v. Petruziello*, 7 Ohio App.3d 131, 134, 454 N.E.2d 588 (8th Dist.1983), citing *Converse v. Hawkins*, 31 Ohio St. 209 (1877); *Rowland v. Entrekin*, 27 Ohio St. 47 (1875); and *Harden Chevrolet Co. v. Pickaway Grain Co.*, 194 N.E.2d 177 (Pickaway C.P.1961). A trial court possesses discretion to determine whether a certain matter is triable to a jury. *Id.*, citing *Murello Constr. Co. v. Citizens Home Savs. Co.*, 29 Ohio App.3d 333, 334, 505 N.E.2d 637 (9th Dist.1985).

{¶ 19} We do not determine, at this juncture, whether respondent's interpretation is correct, but she possesses discretion to make that determination.

{¶ 20} We further find that an appeal constitutes an adequate remedy at law to vindicate a right to trial by jury. Courts in Ohio have found that an appeal from a

final order constitutes an adequate remedy where a criminal defendant was denied the right to trial by jury, precluding relief in mandamus. *State ex rel. Norris v. Watson*, 11th Dist. Portage No. 2001-P-0089, 2001-Ohio-3932; *but see State v. Court of Common Pleas of Lucas Cty.*, 6th Dist. Lucas No. L-80-197, 1980 Ohio App. LEXIS 12485, 3 (Oct. 24, 1980), citing *Farmer v. Loofbourrow*, 75 Idaho 88, 267 P.2d 113 (1954) ("[T]his court finds that mandamus is the appropriate means by which relator may obtain the ends requested because the relator does not have an adequate remedy at law by which it can obtain the requested jury trial.").

{¶ 21} In certain circumstances, an appeal may not represent an adequate remedy at law and mandamus or prohibition may lie regardless of an appellate remedy. "For a remedy at law to be adequate, the remedy should be complete in its nature, beneficial and speedy." *State ex rel. Liberty Mills, Inc. v. Locker*, 22 Ohio St.3d 102, 104, 488 N.E.2d 883 (1986), citing *State ex rel. Merydith Constr. Co., v. Dean*, 95 Ohio St. 108, 123 (1916).

{¶ 22} For instance, when a court disregards a mandate from a superior court, the Supreme Court of Ohio has found that appeal is an inadequate remedy. *Kessler*, 72 Ohio St.3d 98, 100, 101, 647 N.E.2d 792 (1995) ("In cases where a lower court refuses to follow a superior court's mandate, appeal is an inadequate remedy."). However, this is not applicable to the present case because we found that respondent is not in direct disobedience of this court's mandate.

{¶ 23} When addressing mandamus actions involving the right to a jury trial, the Supreme Court of Ohio has not distinguished these types of actions from others

where an appeal does not represent an adequate remedy. A right to jury trial was at issue in a mandamus action where a clerk of a mayor's court refused to accept a filing with a jury demand. *State ex rel. Office of the Montgomery Cty. Pub. Defender v. Siroki*, 108 Ohio St.3d 334, 2006-Ohio-1065, 843 N.E.2d 778. The court listed the standard requirements for a writ of mandamus to issue. *Id.* at ¶ 5. It did not carve out an exception as it did in *Kessler*. The same is true where a civil litigant claimed a right to a referral of a case to a retired judge for a jury trial. *State ex rel. MetroHealth Med. Ctr. v. Sutula*, 110 Ohio St.3d 201, 2006-Ohio-4249, 852 N.E.2d 722, ¶ 8-9.

{¶ 24} Where a court is without jurisdiction to render a judgment, mandamus or prohibition may lie to compel that court to vacate its judgment regardless of whether a relator possesses a right to appeal. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990). However, that is not the case here. Respondent possesses discretion to determine whether issues are triable to a jury. Mandamus may not be used to control judicial discretion, even where that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 119, 515 N.E.2d 914 (1987). Prohibition also does not lie where a court has general subject-matter jurisdiction and the ability to determine its own jurisdiction. *State ex rel. Jelinek*, 127 Ohio St.3d 332, 2010-Ohio-5986, 939 N.E.2d 847, at ¶ 13, quoting *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5.

{¶ 25} After determining that respondent is not grossly disobeying a mandate of this court, we find that Gallagher possesses an adequate remedy at law by way of an appeal. "'[C]ontentions that appeal from any subsequent adverse final judgment would be inadequate due to time and expense are without merit.'" *State ex rel. Estate of Nichols v. Russo*, 8th Dist. Cuyahoga No. 107508, 2018-Ohio-3416, ¶ 11, quoting *State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 626, 665 N.E.2d 212 (1996), citing *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.*, 74 Ohio St.3d 120, 124, 656 N.E.2d 684 (1995); *State ex rel. Gillivan v. Bd. of Tax Appeals*, 70 Ohio St.3d 196, 200, 638 N.E.2d 74 (1994). Gallagher's claims of added expense or increase in time to resolve the matter are insufficient to justify departing from this well-trodden path.

{¶ 26} Respondent's motion to dismiss Gallagher's complaint is granted. Costs assessed against relator. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 27} Complaint dismissed.

---

EILEEN T. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR