[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gallagher v. Collier-Williams*, Slip Opinion No. 2023-Ohio-748.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-748

THE STATE EX REL. GALLAGHER, APPELLANT, *v.* COLLIER-WILLIAMS,
JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gallagher v. Collier-Williams*, Slip Opinion No. 2023-Ohio-748.]**

*Mandamus—Prohibition—Appellant has not alleged facts showing that trial-court judge directly disobeyed court of appeals' prior mandate or that he is entitled to a writ to compel judge to grant him jury trial—Court of appeals' judgment dismissing petition for failure to state a claim affirmed.*

(No. 2022-0605—Submitted January 10, 2023—Decided March 14, 2023.)

APPEAL from the Court of Appeals for Cuyahoga County,
No. 111229, 2022-Ohio-1177.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment entered by the Eighth District Court of Appeals dismissing a petition for writs of mandamus and/or prohibition to

compel a trial-court judge to carry out a mandate previously issued by the Eighth District. For the reasons that follow, we affirm the court of appeals' judgment.

## I. Facts and Procedural History

{¶ 2} In December 2018, appellant, William J. Gallagher, filed a complaint against Edward W. Cochran and Cleveland Plating, L.L.C., in the Cuyahoga County Court of Common Pleas and demanded a jury trial. Gallagher alleged that Barker Products Company, his former employer, owed him $511,850 plus interest for monies that he had periodically loaned to the company; that Cochran subsequently purchased Barker Products and became the majority owner of its successor company, Cleveland Plating; and that Cochran and Cleveland Plating became liable for Barker Products' debts to Gallagher under multiple theories enumerated in the complaint as "claim[s] for relief."

{¶ 3} In support of his first claim for relief, Gallagher alleged that Cochran had promised to assume Barker Products' debts to Gallagher. And as his fourth claim, Gallagher alleged that Cleveland Plating was a continuation of and the legal or de facto successor in interest to Barker Products and that Cochran and Cleveland Plating had expressly or implicitly agreed to assume Barker Products' debts to him. Although Gallagher's complaint primarily demanded damages, it also alleged that Cochran had offered him continued employment and an equity stake in Cleveland Plating.

{¶ 4} In September 2019, the trial court granted summary judgment to Cochran and Cleveland Plating. Gallagher appealed that judgment to the Eighth District, which affirmed in part and reversed in part the judgment, reinstated Gallagher's first and fourth claims for relief, and remanded the case to the trial court for further proceedings. *Gallagher v. Cochran*, 8th Dist. Cuyahoga No. 109081, 2020-Ohio-4917 ("*Gallagher I*").

{¶ 5} In *Gallagher I*, the court of appeals rejected Cochran's defense that all of Gallagher's claims were barred by the statute of frauds, which requires a

promise to answer for the debts of another to be in a writing signed by the person to be charged or an authorized agent. *See* R.C. 1335.05. Although Gallagher initially sought to be treated as a debt holder rather than to receive an equity stake in Cleveland Plating, the court of appeals found that Cochran had rejected that idea. The court further found that neither party had suggested that Cochran ever agreed in writing to assume Barker Products' debts.

**{¶ 6}** Instead, the court found, Gallagher alleged that he was promised an equity stake in and employment at Cleveland Plating to reimburse him for the monies he had loaned to Barker Products. Applying the summary-judgment standard, the court determined that a genuine issue of material fact existed as to whether an agent of Cochran had bound Cochran and Cleveland Plating to assume liability for Barker Products' debts to Gallagher by agreeing to give him an equity stake in Cleveland Plating. Accordingly, the court of appeals concluded that the trial court had improperly granted summary judgment with respect to Gallagher's first and fourth claims for relief.

**{¶ 7}** On remand, Cochran and Cleveland Plating filed a motion to strike the jury demand from Gallagher's civil complaint. Appellee, Cuyahoga County Court of Common Pleas Judge Cassandra Collier-Williams, granted the motion, determining that the only relief Gallagher could seek was specific performance of employment at or an equity stake in Cleveland Plating. The judge explained that allowing Gallagher to pursue a claim for damages would ignore *Gallagher I* and the statute of frauds: "Simply put, the Court of Appeals held that the Statute of Frauds did not apply because [Gallagher] did not allege that [Cochran and Cleveland Plating] agreed to pay [Gallagher] directly the debt owed by the third party, but that [Gallagher] was promised an equity stake in the company or employment to reimburse him" for his loans to Barker Products. Judge Collier-Williams also noted that "[t]he right to a jury trial does not exist if the relief sought is equitable" and that a claim for specific performance seeks an equitable remedy.

**{¶ 8}** Gallagher then filed his petition for writs of mandamus and/or prohibition in the Eighth District, alleging that Judge Collier-Williams had ignored the Eighth District's mandate in *Gallagher I*. He requested a writ of mandamus to compel Judge Collier-Williams to give full effect to the appellate court's mandate by allowing him to pursue damages against Cochran and Cleveland Plating. He also requested a writ of mandamus and/or prohibition to compel Judge Collier-Williams to grant him a jury trial.

**{¶ 9}** The court of appeals granted Judge Collier-Williams's motion to dismiss Gallagher's petition for failure to state a claim upon which relief can be granted. 2022-Ohio-1177, ¶ 14 ("*Gallagher II*").

**{¶ 10}** This cause is now before us upon Gallagher's appeal as of right.

## II. Analysis

**{¶ 11}** This court reviews a dismissal for failure to state a claim de novo. *See State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. Therefore, in reviewing the court of appeals' judgment, we presume that the factual allegations in the complaint are true, we draw all reasonable inferences in favor of the nonmoving party, and we affirm the judgment only if it appears beyond doubt that there is no set of facts under which the nonmoving party could recover. *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 8.

**{¶ 12}** To be entitled to a writ of mandamus, Gallagher must have pled facts showing (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Judge Collier-Williams to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. To be entitled to a writ of prohibition, Gallagher must have pled facts showing that (1) Judge Collier-Williams has exercised or is about to exercise judicial power, (2) the judge lacks authority to exercise that power, and (3) denial of the writ would result in injury for

4

which no other adequate remedy exists in the ordinary course of the law. *See State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. If, however, it is apparent that Judge Collier-Williams patently and unambiguously lacked jurisdiction, Gallagher need not have pled facts showing the absence of an adequate legal remedy. *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 62 (prohibition); *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 184, 553 N.E.2d 650 (1990) (mandamus).

### A. *Gallagher has not alleged facts showing that Judge Collier-Williams directly disobeyed the court of appeals' mandate*

{¶ 13} Gallagher first claims that he has a clear right to pursue damages in the underlying case and that Judge Collier-Williams has a clear legal duty to allow him to do so. In support of this claim, he notes that the court of appeals established in *Gallagher I* that "the statute of frauds does not bar any part of [Gallagher's] complaint," 2020-Ohio-4917 at ¶ 40, and that "the statute of frauds debt provision is not implicated" by Gallagher's first claim for relief, *id.* at ¶ 36. Therefore, Gallagher argues, the law of the case necessarily deprived Judge Collier-Williams of authority to apply the statute of frauds to his claims and transform his claims for damages into requests for equitable relief. He seeks a writ of mandamus to compel Judge Collier-Williams to give full effect to the appellate court's mandate and to allow him to pursue damages.

{¶ 14} The law-of-the-case doctrine provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). Writs of mandamus or prohibition may lie to require a lower court to comply with or to prevent a lower court from proceeding contrary to the mandate of a superior court. *State ex rel. Newton v. Court of Claims*, 73 Ohio St.3d 553, 557, 653 N.E.3d 366 (1995). However, the use of those writs to enforce such a mandate is reserved for

extreme cases of direct disobedience. *See State ex rel. Cowan v. Gallagher*, 153 Ohio St.3d 13, 2018-Ohio-1463, 100 N.E.3d 407, ¶ 12. Moreover, we have recognized that the court of appeals is in the best position to interpret its own mandate and to determine whether a trial-court judge has violated that mandate. *See, e.g.*, *State ex rel. Jelinek v. Schneider*, 127 Ohio St.3d 332, 2010-Ohio-5986, 939 N.E.2d 847, ¶ 14. *But see State ex rel. Mullins v. Curran*, 131 Ohio St.3d 441, 2012-Ohio-685, 966 N.E.2d 267, ¶ 10, 12 (reversing court of appeals' judgment granting a writ of prohibition to prevent a trial-court judge from conducting a retrial on a negligence claim, which the court of appeals held violated its earlier mandate).

{¶ 15} Here, Gallagher focuses on the appellate court's broad statements in *Gallagher I* that "the statute of frauds does not bar any part of [his] complaint," 2020-Ohio-4917 at ¶ 40, and that "the statute of frauds debt provision is not implicated," *id.* at ¶ 36. But the meaning of those statements cannot be understood without examining their context in *Gallagher I*.

{¶ 16} Ohio's statute of frauds, R.C. 1335.05, provides:

> No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; * * * nor to charge a person * * * upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

{¶ 17} Applying that statute to the facts of this case, the court of appeals determined that a promise by Cochran to pay off Barker Products' debts to Gallagher is not enforceable unless Cochran or Cleveland Plating made that

6

promise in writing. However, the court found that "[n]either party [had] suggest[ed] that Cochran [had] agreed to assume Barker Products' debts in writing," *Gallagher I*, 2020-Ohio-4917, at ¶ 36, but that Gallagher was promised an equity stake in the company [and] employment to reimburse him" for his loans to Barker Products. *Id.* It was for this reason that the court found that "the statute of frauds debt provision is not implicated," *id.* The court also determined that the statute-of-frauds provision requiring a writing for an agreement that is not to be performed within one year had not been triggered, because "[i]t is possible for an equity sharehold to be given to a person or to reach the required value in less than a year" and also possible that "a period of employment can be completed within a year." *Id.* at ¶ 38 and 39.

{¶ 18} The court of appeals did not expressly state that Gallagher's first and fourth claims for relief were barred by the statute of frauds or that it was interpreting those claims—along with his prayer for any further relief, whether in law or in equity—as claims for equitable relief because otherwise the statute of frauds would preclude the possibility that relief could be granted.[1] But viewing those claims as claims for employment at and an equity stake in the company led the court of appeals to conclude that "the statute of frauds debt provision is not implicated," that "[t]he statute of frauds does not bar Gallagher's claim for breach of contract," and that "the statute of frauds does not bar any part of the complaint." *Id.* at ¶ 36, 39, and 40.

{¶ 19} In ruling on Gallagher's petition for writs of mandamus and/or prohibition, the court of appeals explained that Judge Collier-Williams had "read

---

1. Gallagher argues that Judge Collier-Williams did not address his fourth claim for relief. He further asserts that no one argued that the statute of frauds applied to bar that claim and that the court of appeals stated that it survived summary judgment. Judge Collier-Williams's opinion on remand, however, makes clear that she interpreted the court of appeals' decision in *Gallagher I* as applying the statute-of-frauds analysis to Gallagher's fourth claim for relief as well as his first claim for relief. Any error in that regard may be raised in a direct appeal from a final order entered in the underlying case.

[its] analysis [in *Gallagher I*] as winnowing down Gallagher's possible forms of relief to those that do not run afoul of the statute of frauds: employment at and an equity stake in Cleveland Plating. Whether correct or not, [Judge Collier-Williams] has determined that these are claims that sound in equity for specific performance." *Gallagher II*, 2022-Ohio-1177, at ¶ 14. In addition, the court of appeals determined that Judge Collier-Williams's interpretation "is consistent with how Gallagher's claims were described * * * in *Gallagher* [*I*] when discussing the application of the statute of frauds." *Gallagher II* at ¶ 15. Moreover, the court observed that its mandate in *Gallagher I* "did not address the type of trial that should be held on remand" but simply "remanded the matter for further proceedings consistent with the opinion after finding there were genuine issues of material fact." *Id.* at ¶ 16.

{¶ 20} Accordingly, as the court of appeals ultimately concluded, Judge Collier-Williams's interpretation of *Gallagher I*, whether correct or not, "is not so far afield that this case represents the extraordinary situation where a respondent is in direct disobedience of a superior court's mandate." *Gallagher II* at ¶ 16. On these facts, the court of appeals correctly dismissed Gallagher's request for a writ of mandamus to compel Judge Collier-Williams to give full effect to the appellate court's mandate and to allow him to pursue damages. *See Cowan*, 153 Ohio St.3d 13, 2018-Ohio-1463, 100 N.E.3d 407, at ¶ 12.

### B. Gallagher has not alleged facts showing that he is entitled to an extraordinary writ to compel Judge Collier-Williams to grant him a jury trial

{¶ 21} Gallagher also claims that he has a clear legal right to a jury trial and that Judge Collier-Williams has a clear legal duty to grant him one. He seeks a writ of mandamus to compel Judge Collier-Williams to grant him a jury trial or, in the alternative, a writ of prohibition to prohibit her from denying him the right to a jury trial.

{¶ 22} With limited exceptions not applicable here, "[a] writ of prohibition 'tests and determines "solely and only" the subject matter jurisdiction' of the lower

court." *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998), quoting *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409, 534 N.E.2d 46 (1988), quoting *State ex rel. Staton v. Franklin Cty. Common Pleas Court*, 5 Ohio St.2d 17, 21, 213 N.E.2d 164 (1965). Although Gallagher alleges that Judge Collier-Williams "lacked authority" to strike his jury demand, he does not allege that she lacks subject-matter jurisdiction over his underlying case. There can be no dispute that Judge Collier-Williams has subject-matter jurisdiction over Gallagher's claims because common pleas courts have "original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts," R.C. 2305.01, which is currently set at $500, R.C. 1907.03(A). Therefore, prohibition will not lie here.

{¶ 23} Civ.R. 39(A) provides that when a jury trial has been demanded, the trial "shall be by jury, unless * * * the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist." An appeal from a final order entered in the underlying case is an adequate remedy in the ordinary course of the law to challenge Judge Collier-Williams's order granting Cochran and Cleveland Plating's motion to strike Gallagher's demand for trial by jury. *See, e.g.*, *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 109, 637 N.E.2d 319 (1994) ("the principle is well settled that appeal, not mandamus or prohibition, is the remedy for the correction of errors"); *State ex. rel. Norris v. Watson*, 11th Dist. Portage No. 2001-P-0089, 2001 WL 1301696 (Oct. 26, 2001) ("If [the] respondent has erred in interpreting the constitutional provisions or the state statutes governing the right to a jury trial, [the] relator can litigate that issue in a direct appeal at the conclusion of the underlying criminal proceeding"). A writ of mandamus may not be used as a substitute for appeal or to create an appeal from an order that is not final. *State ex rel. Sobczak v. Skow*, 49 Ohio St.3d 13, 14, 550 N.E.2d 455 (1990).

**{¶ 24}** Based on the foregoing, the court of appeals correctly dismissed Gallagher's petition for a writ of mandamus to compel Judge Collier-Williams to grant him a jury trial or a writ of prohibition to prohibit her from denying him the right to one.

### III.  Conclusion

**{¶ 25}** Accordingly, we affirm the court of appeals' judgment dismissing Gallagher's petition for writs of mandamus and/or prohibition for failure to state a claim upon which relief can be granted.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Brian J. Halligan, for appellant.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew D. Greenwell, Assistant Prosecuting Attorney, for appellee.

_____