[Cite as *State ex rel. Samuels v. Sweeney*, 2024-Ohio-5748.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO, EX REL. YOLANTA SAMUELS,

Relator,

v.

THE HONORABLE MAUREEN SWEENEY,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0061**

---

Writ of Mandamus & Writ of Prohibition

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges

---

**JUDGMENT:**
Dismissed.

---

*Atty. Timothy Joseph Cunning,* Scullin & Cunning, LLC, for Relator and

*Atty. Gina DeGenova,* Mahoning County Prosecutor*, Atty. Linette Stratford,* Chief Assistant Prosecutor, *Atty. Jacqueline M. Johnston*, Assistant Prosecutor, Mahoning County Prosecutor's Office, for Respondent.

Dated: December 4, 2024

**PER CURIAM.**

{¶1} Relator, Yolanta Samuels ("Samuels"), has filed a petition for writs of mandamus and prohibition in this original action against Respondent, Judge Maureen A. Sweeney ("Judge Sweeney") of the Mahoning County Court of Common Pleas, who is presiding over the civil action that was the subject of a previous appeal to this court in *Quest Wellness Ohio, LLC v. Samuels*, 2023-Ohio-4450 (7th Dist.). Samuels seeks to prohibit Judge Sweeney from (1) violating the mandate rule by refusing to follow our decision in *Quest* upon remand, (2) exercising jurisdiction in a manner in which she patently and unambiguously lacks jurisdiction, and (3) holding an evidentiary hearing in violation of the mandate rule and the doctrine of res judicata. Counsel for Judge Sweeney has filed a Civ.R. 12(B)(6) motion to dismiss and Samuels has filed a response in opposition. For the reasons that follow, we grant Judge Sweeney's motion to dismiss, deny the requested writs, and dismiss the petition.

### *Background*

{¶2} Quest Wellness Ohio, LLC ("Quest") and Samuels entered into a commercial lease agreement for Quest to lease Samuels' property and building. Subsequently, disagreements arose over the roof leaking water into the building, rental payments, property tax payments, and whether Quest properly exercised its option to extend the lease by providing Samuels proper notice.

{¶3} Samuels sued Quest in the Mahoning County Court of Common Pleas and Judge Sweeney was assigned to preside over the case. The parties stipulated that the substantial compliance doctrine could apply to the notice and options provisions of the lease and that in the absence of strict compliance, equitable relief may still be available. Judge Sweeney accepted the parties' stipulations of law and, following trial, awarded judgment in Quest's favor by granting a permanent injunction restraining Samuels from interfering with its tenancy rights, finding that Quest substantially complied with the lease's notice provision.

{¶4} Samuels appealed, and this court found plain error in Judge Sweeney's acceptance and application of the parties' stipulations of law. We reversed the decision

and remanded for further proceedings. On remand, Judge Sweeney scheduled a status conference and, after briefing from the parties, issued an order setting an evidentiary hearing to determine: (1) whether equitable principles (including substantial compliance) can apply to the lease provision requiring notice of intent to renew; (2) if so, whether the evidence supports Quest's claim that it provided sufficient notice; and (3) absent equitable considerations, whether Quest actually complied with the notice provision.

### *Original Action for Writs of Mandamus and Prohibition*

**{¶5}** Samuels then filed this original action seeking writs of mandamus and prohibition to prevent Judge Sweeney from conducting the evidentiary hearing, arguing that Judge Sweeney is violating the mandate rule and lacks jurisdiction to proceed. Judge Sweeney moved to dismiss the petition, contending that she is acting within her jurisdiction to carry out this court's mandate and address issues not expressly or impliedly decided on appeal.

**{¶6}** Judge Sweeney filed her motion to dismiss pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted. Under this standard, a court can dismiss an action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond reasonable doubt that they can prove no set of facts entitling them to the requested relief. *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 9.

### *Legal Standards for Mandamus and Prohibition*

**{¶7}** To be entitled to a writ of mandamus, Samuels must have pled facts showing (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Judge Sweeney to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Gallagher v. Collier-Williams*, 2023-Ohio-748, ¶ 12. To be entitled to a writ of prohibition, Samuels must have pled facts showing that (1) Judge Sweeney has exercised or is about to exercise judicial power, (2) the judge lacks authority to exercise that power, and (3) denial of the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *Id.* However, if it is apparent that Judge Sweeney patently and unambiguously lacked jurisdiction, Samuels need not have pled facts showing the absence of an adequate legal remedy. *Id.*

### *Analysis*

**{¶8}** Samuels has not alleged facts showing that Judge Sweeney directly disobeyed this court's mandate in *Quest Wellness Ohio, LLC v. Samuels*, 2023-Ohio-4450, (7th Dist.). Instead, her argument rests on a perceived violation of the mandate rule by proceeding on issues that were allegedly resolved in the prior appeal. Specifically, Samuels insists that our previous decision precluded the use of equitable doctrines, such as substantial compliance, thereby divesting Judge Sweeney of jurisdiction to hold further proceedings.

**{¶9}** This court's previous decision in *Quest* focused on the trial court's error in accepting the parties' stipulations regarding the applicability of substantial compliance and other equitable principles. We held:

> We find plain error in this case. The trial court accepted the parties' stipulations of law. However, "parties cannot concede or stipulate as to matters of law, only issues of fact." *Kocher v. Ascent Resources-Utica, L.L.C.*, 7th Dist. Jefferson Nos. 22 JE 0012, 22 JE 0014, 2023-Ohio-3592, ¶ 55, --N.E.3d--, citing *Crow v. Nationwide Mut. Ins. Co.,* 159 Ohio App.3d 417, 2004-Ohio-7117, 824 N.E.2d 127 (5th Dist.) (citing *Diversified Capping Equip., Inc. v. Clinton Pattern Works Inc.*, 6th Dist. Wood App. No. WD-01-035, 2002 WL 537998, (Apr. 12, 2002). The parties' joint stipulations concerning substantial compliance and equitable application concerned matters of law. The court accepted the stipulations and ruled solely based on substantial compliance. However, this was not the appropriate or applicable standard to apply in this case.

*Quest* at 67.

**{¶10}** Crucially, our decision did not categorically preclude the application of equitable doctrines to commercial leases. Rather, we emphasized the need for the trial court to independently analyze the applicability of such principles based on the specific facts and circumstances of the case.

**{¶11}** Samuels' argument is based on the law of the case doctrine and the mandate rule. The Supreme Court of Ohio has explained that, under the law-of-the-case doctrine, "the decision of a reviewing court in a case remains the law of that case on the

legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). This rule applies to issues previously resolved within the same case. *Reid v. Cleveland Police Dept.*, 2017-Ohio-7527. The appellate mandate rule pertains to the relationship between appellate and inferior courts, and is a jurisdictional bar on the inferior court's authority to reconsider issues that were expressly or impliedly decided in a previous appeal. *Giancola v. Azem*, 2018-Ohio-1694, ¶ 15-16; *Summers v. Lancia Nursing Homes, Inc.*, 2017-Ohio-9218, ¶ 18 (7th Dist.).

{¶12} A writ of mandamus is an appropriate remedy to require a lower court to comply with an appellate court's mandate directed to that court. *State ex rel. Simmons v. Breaux*, 2020-Ohio-3251, ¶ 16. Equally established is the principle that a writ of prohibition is an appropriate remedy to prevent a lower court from proceeding contrary to the mandate of a superior court. *Durkin v. Williams*, 2022-Ohio-1416, ¶ 16. However, the use of those writs to enforce such a mandate is reserved for extreme cases of direct disobedience. *State ex rel. Gallagher v. Collier-Williams*, 2023-Ohio-748, ¶ 14. Additionally, the Supreme Court has recognized that the court of appeals is in the best position to interpret its own mandate and to determine whether a trial-court judge has violated that mandate. *Id.*

{¶13} Samuels argues that our prior decision foreclosed any consideration of equitable doctrines, including substantial compliance, and Judge Sweeney lacks jurisdiction to hold an evidentiary hearing on those issues.

{¶14} We disagree.

{¶15} Our prior decision did not expressly, or impliedly, decide equitable doctrines could not apply under any circumstances. Rather, we found the trial court erred by accepting the parties' legal stipulations and applying substantial compliance without conducting an independent analysis. We explicitly recognized: "There are instances where courts have applied the substantial compliance doctrine to commercial leases where tenants failed to provide written notice of the intent to extend a lease." *Quest Wellness Ohio, LLC v. Samuels*, 2023-Ohio-4450, ¶ 69 (7th Dist.). We further noted that the trial court "failed to determine if substantial compliance or other equitable measures should even apply" and "completely bypassed whether the commercial lease in this case

was clear and unambiguous and therefore required strict compliance." *Id.* at ¶ 70. This language clearly indicates that the applicability of equitable doctrines remains an open question to be determined based on a proper analysis of the lease terms and surrounding circumstances.

**{¶16}** Therefore, it was appropriate for Judge Sweeney on remand to hold an evidentiary hearing to determine whether equitable principles apply and whether Quest complied with the notice provision. Our mandate required further proceedings consistent with our opinion, which necessarily includes a proper determination of these unresolved issues. Judge Sweeney is acting within her jurisdiction to carry out our mandate and address issues not previously decided.

**{¶17}** Moreover, even if Judge Sweeney erred in her interpretation of our mandate, Samuels has an adequate remedy by way of appeal from any adverse final judgment. Prohibition is not a substitute for appeal and does not lie to prevent mere errors of law. *State ex rel. Jaffal v. Calabrese*, 2005-Ohio-2591, ¶ 5. Absent a patent and unambiguous lack of jurisdiction, the availability of an adequate remedy at law precludes the issuance of a writ of prohibition.

### *Conclusion*

**{¶18}** In conclusion, Samuels' interpretation of our previous decision is overly broad and inconsistent with the specific language and reasoning we employed. Even presuming all the factual allegations contained in Samuels' petition as true and making all reasonable inferences in her favor, it is beyond reasonable doubt that she can prove no set of facts entitling her to the requested relief. We did not foreclose all consideration of equitable principles in commercial lease cases, but rather emphasized the need for a proper legal analysis untainted by improper stipulations. Judge Sweeney's decision to hold an evidentiary hearing to address these unresolved issues is consistent with our mandate and well within her jurisdiction.

**{¶19}** Accordingly, Judge Sweeney's motion to dismiss is granted. Samuels' petition for writs of mandamus and prohibition are dismissed. Quest's motion to intervene is dismissed as moot.

**{¶20}** The clerk is directed to serve copies of this Opinion and Judgment Entry upon Judge Sweeney, and to serve on the remaining parties notice of this judgment and

its date of entry upon the journal. Civ.R.58(B).  The costs of this action are assessed to the Relator.  Writs DENIED.  Final order.


**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

**JUDGE KATELYN DICKEY**