[Cite as *Lambert v. Clark*, 2023-Ohio-4226.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CHRISTOPHER LAMBERT

    Appellee

    v.

CHRISTINE CLARK

    Appellant

C.A. No.    30447

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR 2017-10-2887

DECISION AND JOURNAL ENTRY

Dated: November 22, 2023

FLAGG LANZINGER, Judge

{¶1}    Defendant-Appellant Christine Clark (hereafter "Mother") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses and remands the matter for further proceedings.

I.

{¶2}    This case centers on the trial court's order granting Plaintiff-Appellee Christopher Lambert (hereafter "Father") sole custody of W.L. Father and Mother have one child in common, W.L.

{¶3}    On October 10, 2017, Father filed a petition to establish a parent-child relationship. The court found Father to be the parent of W.L. and granted him supervised visitation with W.L.

{¶4}    On August 13, 2019, by agreement of the parties, the court issued a final decree allocating sole custody of the child to mother with visitation to Father. This decree was the last

non-temporary order issued by the trial court pertaining to parental custodial rights before the order that is now the subject of this appeal.

{¶5} On May 13, 2021, Father filed a "Motion for Reallocation of Parental Rights[.]" Within his motion, Father requested the trial court to grant him sole custody of W.L. On June 5, 2021, Father filed a motion to modify parenting time. Mother filed her own motion to modify parenting time on June 11, 2021. The parties reached an agreement regarding Mother's and Father's motions to modify parenting time. The court ordered the parties to file an agreed entry with regard to parenting time. The trial court expressly noted in its order that Father's Motion for Reallocation of Parental Responsibilities remains outstanding. On July 13, 2021, the trial court adopted the agreed shared visitation schedule. While the court made provisions for the parties' respective visitation rights, Mother continued as the custodial parent of W.L.

{¶6} On July 26, 2021, the court held a status hearing regarding Father's outstanding motion for reallocation of parental rights. The court left Father's motion for reallocation of parental rights pending but issued agreed temporary orders. The temporary order provisionally designated both parents as residential and custodial parents. The order also temporarily named Father as primary residential and custodial parent for health care purposes only.

{¶7} On September 23, 2021, the court considered temporary orders again after Father obtained an *ex parte* civil protection order on behalf of W.L. The court issued a new temporary order designating Father as the residential parent and legal custodian. Mother was granted twice-weekly 2-hour in-person visits at her own expense, along with thrice-weekly video visits. Subsequently, Father dismissed his petition for a civil protection order.

{¶8} On May 18, 2022, the trial court held a three-day hearing to address Father's outstanding motion for reallocation of parental rights. The parties presented evidence and testimonies, primarily focusing on the parents' opposing views of W.L.'s best interest.

{¶9} The trial court granted Father's motion for reallocation of parental rights. The court granted sole custody to Father, assigned him full responsibility for W.L.'s medical needs, and designated him as the residential parent. The court granted Mother supervised visitation at her own expense for two hours, twice a week, and also brief video visitation three days a week. The court prohibited Mother from feeding or medicating W.L. and mandated she undergo substantial mental health treatment. The court also prohibited Mother from filing a motion for modifying parenting time or custody until she demonstrates substantial compliance with the court's order.

{¶10} Mother now appeals, raising four assignments of error for our review. To facilitate analysis, we choose to address the assignments of error in a non-sequential order.

II.

## ASSIGNMENT OF ERROR II

**THE COURT ERRED AND ABUSED ITS DISCRETION BY NOT FINDING A CHANGE IN THE CIRCUMSTANCES OF THE CHILDREN PURSUANT TO O.R.C. §3109.04 AND STILL REMOVED THE CHILD FROM MOTHER'S LEGAL CUSTODY WITHOUT A HEARING.**

{¶11} In her second assignment of error, Mother argues the trial court erred by not finding a change in circumstances pursuant to R.C. 3109.04 within its decision to award sole custody to Father. We agree.

{¶12} Mother was awarded sole custody by the August 2019 order. Mother asserts that the court improperly kept Father's motion for reallocation of parental rights pending, when the July 13 agreed order resolved the custody issue. Mother additionally asserts that the July 26, 2021, agreed temporary order was the parties' "last decree" for purposes of applying R.C. 3109.04. She

argues that the trial court should have treated that July 26 order as a change of custody, because a shared parenting plan was established. Mother claims that the trial court's decision awarding sole custody to Father lacked any finding of a change in circumstances from its July 26, 2021, order.

{¶13} Mother's arguments confuse temporary visitation and custody orders with final visitation and custody orders. There are multiple modifications to visitation schedules throughout the procedural history of this case. There are also multiple temporary orders that temporarily modify custodial rights pending a final hearing regarding custody. Prior to the May 2022 hearing, there is only one decree allocating parental rights and responsibilities, the agreed judgement filed on August 13, 2019, granting sole custody of W.L. to Mother and visitation rights to Father.

{¶14} In light of the foregoing clarifications, we next consider the trial court's decision in this matter. Trial courts have broad discretion in their allocation of parental rights and responsibilities. *Graves v. Graves*, 9th Dist. Medina No. 3242-M, 2002-Ohio-3740, ¶ 31, citing *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). Accordingly, this Court will not overturn a trial court's decision in such matters unless we conclude that the trial court abused its discretion. An abuse of discretion implies that "the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). A trial court abuses its discretion if its factual findings are not supported by competent, credible evidence. *Maxwell v. Maxwell*, 9th Dist. Wayne No. 07CA0047, 2008-Ohio-1324, ¶ 6. A trial court errs as a matter of law, however, when it misapplies a statute. *Bentley v. Rojas*, 9th Dist. Lorain No. 10CA009776, 2010-Ohio-6243, ¶13.

{¶15} Pursuant to R.C. 3109.04(E)(1)(a), a trial court cannot modify an existing allocation of parenting rights and responsibilities:

> unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in

the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.

Also, "before a modification can be made pursuant to R.C. 3109.04(E)(1)(a), the trial court must make a threshold determination that a change in circumstances has occurred." (Alteration omitted.) *Buttolph v. Buttolph*, 9th Dist. Wayne No. 09CA0003, 2009-Ohio-6909, ¶ 11, quoting *Gunderman v. Gunderman*, 9th Dist. Medina No. 08CA0067-M, 2009-Ohio-3787, ¶ 9. The Ohio Supreme Court has held that the requisite change of circumstances "must be a change of substance, not a slight or inconsequential change." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997).

{¶16} As stated above, the last decree allocating parental rights was the August 13, 2019, agreed judgment designating mother as sole custodial parent. Pursuant to R.C. 3109.04(E)(1)(a), the trial court could modify that decree allocating parental rights and responsibilities if: (1) it had found a change of circumstances based on facts arising since the August 2019 decree (or that were unknown to the court at the time of the August 2019 joint entry); and (2) the modification was necessary to serve the best interest of the child. The change in circumstances required by statute to modify the parties' allocation of parental rights must necessarily relate to a change in the circumstances of the child or of Mother, as she is the child's residential parent. *See* R.C. 3109.04(E)(1)(a). While the trial court addressed W.L.'s best interests, the trial court failed to make any finding of a change of circumstances since the August 13, 2019, agreed judgment.

{¶17} The trial court's decision lacks any finding as to a change of circumstances that is necessary for the reallocation of parental rights. We, therefore, reverse and remand for proceedings consistent with this opinion. Mother's second assignment of error is sustained on that basis.

**ASSIGNMENT OF ERROR I**

**THE COURT ERRED IN VIOLATING MOTHER'S CONSTITUTIONAL RIGHTS BY DENYING HER DUE PROCESS TIME AND TIME AGAIN**

**BEFORE TAKING NEARLY ALL OF HER PARENTAL RIGHTS AWAY FROM HER WITHOUT A FULL HEARING ON THE MATTER.**

### ASSIGNMENT OF ERROR III

**THE COURT ABUSED ITS DISCRETION IN RELYING ON HEARSAY EVIDENCE CONTAINED IN THE GUARDIAN AD LITEM'S REPORT DESPITE RULING SHE WOULD NOT TAKE HEARSAY FROM THE GUARDIAN AD LITEM AS FOR THE TRUTH OF THE MATTER ASSERTED TO THE PREJUDICE OF THE MOTHER CHRISTINE CLARK[.]**

### ASSIGNMENT OF ERROR IV

**THE COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING FATHER'S MOTION TO MODIFY VISITATION DESPITE THE INSUFFICIENCY OF THE EVIDENCE PRESENTED BY FATHER AND THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶18} In light of this Court's disposition of Mother's second assignment of error, Mother's remaining assignments of error are premature at this time and are overruled on that basis.

III.

{¶19} Mother's second assignment of error is sustained. Mother's first, third, and fourth assignments of error are overruled on the basis that they are premature. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶20} I respectfully dissent from the judgment of the majority. Mother's argument on appeal is not that the trial court failed to expressly make a finding of a change in circumstances but that the trial court could not make such a finding. However, Mother's argument is based entirely on her misunderstanding of what was a temporary order and what was a final disposition; an issue that is clarified within the majority opinion.

{¶21} Irrespective, while it is true that the trial court did not make an explicit finding of a change of circumstances, I would conclude that given the discussion contained in the trial court's

judgment entry, which sets forth in detail the myriad of issues present in this complex case, the findings that the trial court did make evidence a substantial change in circumstances. *See Nigro v. Nigro*, 9th Dist. Lorain No. 04CA008461, 2004-Ohio-6270, ¶ 6 ("While the better practice would be for a court to explicitly find a change of circumstances before delving into the issue of the best interests of the child, we will affirm a decision where the factual findings of the court support a finding of changed circumstances. Explicit language is preferable, but not necessary."). Inter alia, the entry discusses the high conflict nature of Mother's and Father's interactions, including the fact that civil protection orders were filed by both parties, the changes in W.L.'s health over time, including how W.L. has seemed to improve and thrive in Father's care despite having gastrointestinal issues as a very young child which required ongoing medical attention, continuing issues with Mother lying to health care professionals about W.L.'s condition and treatments, Mother making unfounded accusations of child abuse against Father, and concerns that Mother has escalating mental health issues that need to be addressed. Overall, the interests of justice would not be served by remanding the matter to the trial court for it to find what is evident from the face of its entry: a substantial change of circumstances has occurred. I would affirm the judgment of the trial court.

APPEARANCES:

RONALD T. GATTS, Attorney at Law, for Appellant.

MICHELLE L. BANBURY, Attorney at Law, for Appellee.

CRISTINE EOFF, Guardian ad Litem.