[Cite as *State ex rel. Clark v. Hightower*, 2024-Ohio-2984.]

STATE OF OHIO       )
)ss:
COUNTY OF SUMMIT    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE, EX REL., CHRISTINE CLARK

    Relator

    v.

JUDGE KANI HARVEY HIGHTOWER

    Respondent

C.A. No.  31082

ORIGINAL ACTION IN MANDAMUS

Dated:  August 7, 2024

PER CURIAM.

**{¶1}** Relator, Christine Clark, petitioned this Court for a writ of mandamus to order Respondent, Judge Kani Hightower, to vacate two trial court orders and dismiss a motion for reallocation of parental rights and responsibilities. Judge Hightower moved to dismiss. For the following reasons, the motion to dismiss is granted and the case is dismissed.

*Factual Background*

**{¶2}** Ms. Clark's complaint incorporates this Court's decision in an appeal to which she was a party, *C.L. v. Clark*, 2023-Ohio-4226 (9th Dist.). The complaint and this Court's prior decision explain that Ms. Clark is a party to a case pending in the Summit County Domestic Relations Court. She and C.L. are the parents of a child, W.L. Ms. Clark initially had sole custody of W.L. and C.L. had visitation. C.L. later moved for reallocation of parental rights, seeking sole custody of W.L. After issuing temporary orders that designated C.L. to serve as the residential parent and legal custodian, the trial court held a three-day hearing to address the

outstanding motion for reallocation of parental rights. After the hearing, the trial court, through an order issued by a prior judge, granted sole custody to C.L. and ordered supervised visitation for Ms. Clark.

{¶3} Ms. Clark appealed the trial court's judgment to this Court. She assigned four errors on appeal. In one of the assignments of error, she argued that the trial court failed to find a change of circumstances in its decision to award sole custody to C.L. *C.L.*, 2023-Ohio-4226, ¶ 11 (9th Dist.). This Court concluded that the trial court was required to determine both that there was a change of circumstances since the decree and that the modification of custody was necessary to serve the best interest of the child. *Id.* at ¶ 16. Because the trial court's decision lacked any finding as to a change of circumstances, this Court reversed the trial court's judgment and remanded for proceedings consistent with the decision. *Id.* at ¶ 17.

{¶4} According to the complaint, on remand, the trial court did not enter an order consistent with this Court's decision, so Ms. Clark filed a motion for an order dismissing C.L.'s motion for reallocation of parental rights. The trial court did not rule on that motion. Judge Hightower entered an order (captioned "Order After Appeal" and attached to the complaint) that recognized this Court had remanded the case based upon the "lack of an explicit finding as to change of circumstances. . . ." The Order After Appeal stated that after Judge Hightower had an opportunity to review the transcripts of the three-day hearing, she would address the remand issues and make a decision. The Order After Appeal also ordered that C.L., pursuant to the trial court's earlier order, would serve as the temporary residential parent and legal custodian of W.L., Ms. Clark's visitation would be addressed in a hearing before a magistrate, and the motion for reallocation of parental rights was dismissed because Judge Hightower must first address this Court's remand.

{¶5} Several months later, Ms. Clark filed her complaint for writ of mandamus in this Court. She sought an order directing Judge Hightower to file an order consistent with this Court's decision in the direct appeal, an order dismissing C.L.'s motion for reallocation of parental rights and responsibilities, and an order vacating the Order After Appeal and entering a specific order. Judge Hightower moved to dismiss. She argued that Ms. Clark cannot show she has a clear legal right to the requested relief. She further argued that the relief Ms. Clark sought was inconsistent with this Court's decision on appeal. Judge Hightower also argued that she has followed this Court's remand instruction which will require review of the evidence presented at the hearing to determine whether there was a change in circumstances.

*Requirements for a Writ of Mandamus*

{¶6} "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). The relator must demonstrate all three elements in order for this Court to grant the writ of mandamus.

{¶7} We must also consider the nature of Ms. Clark's complaint. The complaint alleges that Judge Hightower has not complied with this Court's mandate on remand. Mandamus is an appropriate remedy to require a trial court to comply with an appellate court's mandate directed to that court. *State ex rel. Heck v. Kessler*, 72 Ohio St.3d 98, 100 (1995). "But the use of a writ of mandamus to enforce an appellate court's mandate is reserved for extreme cases of direct disobedience." *State ex rel. Cowan v. Gallagher*, 2018-Ohio-1463, ¶ 12.

{¶8} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle her to the relief requested. *Goudlock v. Voorhies*, 2008-Ohio-4787, ¶ 7. With this standard in mind, we turn to consider the complaint.

### Three Claims in the Complaint

{¶9} The complaint asks this Court to grant a writ of mandamus to order Judge Hightower to do three things: (1) file an order consistent with this Court's decision that vacates the trial court's judgment naming C.L. to be the sole residential parent, (2) file an order dismissing C.L.'s motion for reallocation of parental rights and responsibilities, and (3) file an order vacating the Order After Appeal. We address each in turn.

### Vacate Trial Court's August 29, 2022 Judgment

{¶10} The first request asks this Court to order Judge Hightower to vacate the trial court's August 2022 judgment entry. According to Ms. Clark, this Court's decision requires Judge Hightower to enter this order. Judge Hightower argues that this Court's decision does not require her to enter the order Ms. Clark requests. We agree with Judge Hightower.

{¶11} This Court's decision on appeal concluded that the trial court's order appealed, the order that determined C.L. should be the sole residential parent, did not determine that there was a change in circumstances. *C.L.* at ¶ 16. This Court reversed the trial court's judgment. *Id.* at ¶ 17. This Court also remanded for the trial court to conduct further proceedings consistent with this Court's decision. *Id.*

{¶12}  This Court's decision responded to the error assigned by Ms. Clark on appeal. That assignment of error alleged that "the trial court erred by not finding a change in circumstances pursuant to R.C. 3109.04 within its decision to award sole legal custody to Father." *Id.* at ¶ 11.  This Court agreed that the trial court's judgment lacked any findings as to a change of circumstances.  *Id.* at ¶ 17.  This Court reversed the trial court's judgment and remanded for further proceedings.  *Id.*

{¶13}  This Court concluded that the trial court erred in its decision.  This Court did not address or decide that C.L. failed to meet his burden to show there was a change of circumstances. Instead, this Court held that the trial court's judgment did not make the threshold determination that a change in circumstances had occurred.  *Id.* at ¶ 15.  This Court reversed the trial court's judgment and remanded the matter for the trial court to make that threshold finding before it addressed whether it was in the best interest of the child to reallocate parental rights.  *Id.* at ¶ 16.

{¶14}  This conclusion is supported by the dissenting opinion.  As compared to the majority decision, the dissent concluded that it was apparent from the evidence recounted in the trial court's judgment that a change of circumstances had occurred.  *Id.* at ¶ 21 (Carr, J., dissenting).  The dissent explained that there was no need to remand the matter to the trial court to make the threshold finding because it was apparent from the order.  *Id.* (Carr, J., dissenting).

{¶15}  Both the majority and dissenting opinion make clear that this Court's judgment on appeal was that the trial court's order was reversed and the matter was remanded for the trial court to make the threshold determination of whether there was a change in circumstances before addressing the best interest of the child.  This Court did not decide, as the complaint suggests, that the trial court's judgment was reversed and, as a result, custody returned to Ms. Clark.  If this Court had determined that C.L. failed to meet his burden to show a change in circumstances,

and reversed and remanded on that basis, there would be support for the position argued in the complaint. That is not, however, what this Court decided.

{¶16} Because this Court did not reverse the trial court's judgment and order that custody should be returned to Ms. Clark, Ms. Clark has not met her burden to demonstrate that she has a clear legal right to the ruling that she requests or that Judge Hightower has a clear legal duty to enter that judgment. Ms. Clark has also not demonstrated that Judge Hightower has directly disobeyed this Court's mandate to warrant the grant of a writ of mandamus. Accordingly, as to the first request, after we presume all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party, it appears beyond doubt that Ms. Clark can prove no set of facts that would entitle her to the relief requested.

*Dismiss C.L.'s Motion*

{¶17} The second request in Ms. Clark's complaint asks this Court to order Judge Hightower to dismiss C.L.'s motion, as ordered by this Court. This Court's decision did not order the trial court to dismiss C.L.'s motion. Accordingly, Ms. Clark does not have a clear legal right to that relief, Judge Hightower does not have a clear legal duty to dismiss the motion, and Judge Hightower has not directly disobeyed this Court's mandate from Ms. Clark's direct appeal. Accordingly, as to the second request, after we presume all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party, it appears beyond doubt that Ms. Clark can prove no set of facts that would entitle her to the relief requested.

*Vacate "Order after Appeal" and Enter Order*

**{¶18}** The final request in Ms. Clark's complaint asks this Court to order Judge Hightower to vacate the Order After Appeal and enter a specific order.  The basis for this request is Ms. Clark's misunderstanding of the nature of this Court's decision.

**{¶19}** The complaint alleges that the trial court was required to enter a judgment entry consistent with this Court's decision because the "case has already been appealed successfully".  According to the complaint, the trial court only needed to dismiss C.L.'s motion and vacate the trial court's prior order.

**{¶20}** As outlined above, however, this Court's decision on appeal found error in the trial court's judgment, not in the case presented by C.L.  This Court reversed the trial court's decision because that decision failed to address a threshold question.  Upon review, the trial court may conclude that C.L. did, or did not, meet his burden to prove a change of circumstances.  That is a decision left to the trial court to make and, as this Court concluded in the appeal, to set forth in its decision.  *C.L.* at ¶ 17.  Of course, once the trial court makes that decision, the parties will be able to appeal the judgment for review, if they choose to do so.

**{¶21}** Ms. Clark does not have a clear legal right to the relief she sought – to have Judge Hightower vacate the Order After Remand and enter a specific order in Ms. Clark's favor.  Judge Hightower does not have a clear legal duty to vacate that order.  This Court did not order a specific, final, determination on the custody matter, so, contrary to the allegation in the complaint, there is nothing in this Court's decision on appeal that requires Judge Hightower to enter a specific order awarding custody to her.

**{¶22}** As to the third request, after we presume all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party, it appears beyond doubt that Ms. Clark can prove no set of facts that would entitle her to the relief requested.

*Conclusion*

**{¶23}** The complaint alleged that Ms. Clark was entitled to a writ of mandamus to order Judge Hightower to enter three specific orders and vacate another order. Considering the factual allegations as true, and making all reasonable inferences in favor of Ms. Clark, it appears beyond doubt that Ms. Clark can prove no set of facts that would entitle her to the relief requested.

**{¶24}** For the foregoing reasons, the motion to dismiss is granted and this case is dismissed. Costs are taxed to Ms. Clark. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
BETTY SUTTON
FOR THE COURT


CARR, J.
HENSAL, J.
CONCUR.


APPEARANCES:

RICHARD T. GATTS, Attorney at Law, for Relator.

ELLIOT KOLKOVICH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondent.